USCA1 Opinion

 

 February 9, 1993 UNITED STATES COURT OF APPEALS For The First Circuit ____________________ No. 92-1600 GLADYS L. COK, Plaintiff, Appellant, v. FAMILY COURT OF RHODE ISLAND, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ Torruella, Circuit Judge. _____________ ____________________ Gladys L. Cok on brief pro se. _____________ James E. O'Neil, Attorney General, and Richard B. Woolley, _________________ ____________________ Assistant Attorney General, on brief for appellees. ____________________ February 9, 1993 ____________________ Per Curiam. Pro se plaintiff-appellant Cok ___________ ___ __ appeals from an order remanding to the state court a matter which Cok had attempted to remove, and from an injunction preventing her from removing any other matters and placing restrictions on future filings. We are without jurisdiction to review the remand order, and vacate the injunction. REMOVAL AND REMAND REMOVAL AND REMAND __________________ Cok was divorced in Rhode Island in 1982. Protracted and acrimonious proceedings in the Rhode Island Family Court have continued to this day and form the backdrop of this appeal. According to Cok, the divorce and its fallout have produced over 600 orders. Cok's contentions, while characterized in terms of preemption and federalism, revolve, at bottom, around her continuing objections to family court orders doling out her money to various persons whom she considers unworthy and corrupt. This is at least Cok's second attempt to remove matters devolving out of her divorce to the federal district court. In 1984, the Supreme Court of Rhode Island affirmed the divorce decree including various fees awarded. After the court-appointed guardian ad litem had moved in the Family Court of Rhode Island to collect a fee for his services, and the conservator, on order of the court, had attempted to sell certain properties owned by Cok, Cok undertook to remove the case to the District Court for the District of Rhode Island. Finding the case unremovable, the district court remanded. We summarily dismissed Cok's appeal from that order under the authority of 28 U.S.C. 1447(d). Cok v. Cosentino, No. 85-1058, slip op. (1st Cir. ___ _________ May 1, 1985). Thereafter, in Cok v. Cosentino, 876 F.2d 1 ___ _________ (1st Cir. 1989), we affirmed the dismissal of Cok's civil rights and RICO complaints against the same court-appointed guardian ad litem and conservator of marital assets. Subsequently, Judge Suttell of the Family Court of Rhode Island ordered the payment of $160,000 to the conservator, that amount to be disbursed from a $200,000 fund that Cok was "forced" to deposit with the family court. In September 1991, apparently in response to Judge Suttell's order, Cok attempted this removal. The State of Rhode Island and its family court appeared specially and moved for summary dismissal or, alternatively, for remand. The matter was referred to a magistrate-judge, who, after a hearing, determined that the remand motion should be granted. In concluding that the matter had been improvidently removed, the magistrate observed that Cok, in essence, sought appellate review of a matter decided by Judge Suttell, and had "misconstrued the purpose and proper use of the removal statute, 28 U.S.C. 1446." The magistrate also found that Cok was attempting to litigate a different set of claims than those litigated in family -3- court and that these new claims could not be brought via a removal petition. The district court upheld the remand order and Cok has appealed.1 This court is altogether without jurisdiction to review the subject of this appeal: a district court order remanding plaintiff's case to a Rhode Island state court. We so held on very similar facts in Unauthorized Practice _____________________ of Law Committee v. Gordon, 979 F.2d 11 (1st Cir. 1992). _________________ ______ In Unauthorized Practice, involving, as here, a remand ______________________ order issued by a magistrate-judge and affirmed by the district court, we determined that such an order was immune from appellate review under 28 U.S.C. 1447(d). Id. at ___ 13. The same result applies here. Unlike the plaintiff in Unauthorized Practice, Cok _____________________ filed, within the ten days normally reserved for objecting to a magistrate's report and recommendation, a motion to reconsider the order granting the motion to remand. The district court held a hearing on the motion, and "affirmed" the magistrate's remand order. Nonetheless, as discussed in Unauthorized Practice, id. at 13-14, despite 1447(d)'s _____________________ ___ language precluding review of remand orders "on appeal or otherwise" (emphasis added), whether the district court was _________ ____________________ 1. At the hearing before the district court to reconsider the remand order, Cok withdrew her motion for recusal of the district judge, and it was not acted upon. Although raised on appeal, that issue has been waived. -4- reviewing a final order of remand (as appears to be the case), or whether it construed the magistrate's order as a report and recommendation and Cok's motion to reconsider as objections thereto, " 1447(d)'s prohibition on review of a remand order dooms [the] appeal here." Id. at 14. ___ THE INJUNCTION THE INJUNCTION ______________ At the hearing on the motion to reconsider the remand order, the district court, sua sponte, enjoined Cok ___ ______ from attempting the pro se removal of any matters from the ___ __ family court, or from filing any pro se actions in district ___ __ court, without the prior approval of a judge of the court, and entered an order to that effect. It states: Plaintiff is hereby enjoined from removing any matters to this Court from the Rhode Island Family Court, pro se, and is also enjoined from commencing any actions in this Court, pro se, without prior approval of a Judge of this Court. On appeal from this injunctive order, Cok challenges the propriety of such an injunction, complaining of the absence of supporting findings by the district court.2 Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants. ____________________ 2. In agreement with other circuits that have considered the question, we are satisfied that we have jurisdiction to review an order restricting a pro se litigant's right of ___ __ access even when no new filing has, as yet, been rejected under the order. See Moy v. United States, 906 F.2d 467, 470 ___ ___ _____________ (9th Cir. 1990) (collecting cases); Pavilonis v. King, 626 _________ ____ F.2d 1075, 1077 (1st Cir.), cert. denied, 449 U.S. 829 ____ ______ (1980). -5- Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985); ______ _____________ Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.), cert. _________ ____ ____ denied 449 U.S. 829 (1980). However, the restrictions ______ imposed must be tailored to the specific circumstances presented. Castro, 775 F.2d at 410 ("[I]f an injunction ______ against future litigation were couched in overly broad terms, this could impermissibly infringe upon a litigator's right of access to the courts"); see also Sires v. Gabriel, ___ ____ _____ _______ 748 F.2d 49, 51-52 (1st Cir. 1984). To determine the appropriateness of an injunction barring a litigant from bringing without advance permission any action in the district court, we look to the degree to ___ which indicia supporting such a comprehensive ban are present in the record. We have said that the use of broad filing restrictions against pro se plaintiffs "should be ___ __ approached with particular caution." Pavilonis, 626 F.2d _________ at 1079. We have also required, like other jurisdictions, that in such situations a sufficiently developed record be presented for review. See, e.g., Castro, 775 F.2d at 409 & ___ ____ ______ n.11; see also De Long v. Hennessey, 912 F.2d 1144, 1147-48 ___ ____ _______ _________ (9th Cir.), cert. denied, 111 S. Ct. 562 (1990); In re _____ ______ _____ Powell, 851 F.2d 427, 431 (D.C. Cir. 1988). ______ An initial problem with the present injunction is that Cok was not warned or otherwise given notice that filing restrictions were contemplated. She thus was -6- without an opportunity to respond before the restrictive filing order was entered. Adequate notice may be informal but should be afforded. For example, in Pavilonis, 626 _________ F.2d at 1077, a magistrate's report recommended that the district court impose filing restrictions and the plaintiff filed objections to that report. In Castro, 775 F.2d at ______ 402, the defendants tried to enjoin the plaintiffs from relitigating matters arising out of the case at hand or any earlier litigation between the parties. Where recommendations or requests like this do not come first, courts have issued show cause orders to errant pro se ___ __ litigators, Cofield v. Alabama Pub. Serv. Comm., 936 F.2d _______ _________________________ 512, 514 (11th Cir. 1991), or have entered a cautionary order to the effect that filing restrictions may be in the offing in response to groundless litigation. See, e.g., ___ ____ Martin v. District of Columbia Court of Appeals, 113 S. Ct. ______ _____________________________________ 397, 398 (1992); Ketchum v. Cruz, 961 F.2d 916, 918 (10th _______ ____ Cir. 1992); Winslow v. Romer, 759 F. Supp. 670, 678 (D. _______ _____ Colo. 1991) (plaintiff repeatedly "informed" that a litigant may not collaterally attack a state court judgment or order in federal court, or unilaterally declare such judgments or orders void, and then use that proclamation as the basis for an action against court or government officials, attorneys, or other parties). Here, as in Sires, 748 F.2d at 51, the defendants did not seek an _____ -7- injunction nor did they maintain that they had been harassed by Cok's conduct. We think, therefore, that Cok should have been given an opportunity by the court to oppose the entry of so broad an order placing restrictions on court access. Accord De Long, 912 F.2d at 1147; Tripati ______ _______ _______ v. Beaman, 878 F.2d 351 (10th Cir. 1989); In re Powell, 851 ______ ____________ F.2d at 431; Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d _________ __________ Cir. 1987); In re Hartford Textile Corp., 613 F.2d 388, 390 ____________________________ (2d Cir. 1979), cert. denied, 447 U.S. 907 (1980) (district ____ ______ court, in entering sua sponte order curtailing pro se ___ ______ ___ __ litigant's future access to the courts, must give notice and allow litigant to be heard on the matter). A second question is whether the record is sufficiently developed to show that an injunction as sweeping as this one is warranted. Plaintiff is enjoined, inter alia, from "commencing any actions in this court, pro _____ ____ se, without prior approval. . . ." It would have been helpful had the court identified what previously filed frivolous cases or other abuses caused it to issue this injunction. See, e.g., Castro, 775 F.2d at 409 n.11; see ___ ____ ______ ___ also Martin, 113 S. Ct. at 397 nn.1 & 2; In re Sindram, 498 ____ ______ _____________ U.S. 177 n.1 (1991); De Long, 912 F.2d at 1147-48; Tripati, _______ _______ 878 F.2d at 353; In re Martin-Trigona, 737 F.2d 1254, 1264- ____________________ 74 (2d Cir. 1984) (reciting history of extensive filings). While it is clear enough that - beyond the instant removal -8- -Cok made a misguided removal effort in 1984, and unsuccessfully sued the guardian ad litem thereafter, we are unclear whether these were the full extent of her actions leading to the injunction. If they were, the court should have explained why it felt it appropriate to ban, without findings as to the abuses of the judicial process causing imposition of the injunction, the commencement of "any actions in this court" (as opposed, for example, to a ban merely on further attempts, without authorization, to remove, pro se, more proceedings from the Rhode Island Family Court divorce case). See Sires, 748 F.2d at 51; see ___ _____ ___ also De Long, 912 F.2d at 1148; In re Powell, 851 F.2d at ____ _______ _____________ 431. Injunctions restricting court access across the board in all cases are very much "the exception to the general rule of free access to the courts." Pavilonis, 626 F.2d at _________ 1079. They should be issued only when abuse is so continuous and widespread as to suggest no reasonable alternative. We emphasize that it is the breadth of the instant order that causes us some concern. Had the court, after notice and opportunity to respond, merely enjoined Cok from further frivolous removals from the family court, we would have doubtless approved. The present record supports such a limited order. We have not hesitated to uphold injunctions that were narrowly drawn to counter the -9- specific offending conduct. Castro, 775 F.2d at 410; cf. ______ ___ Pavilonis, 626 F.2d at 1079 (upholding issuance of _________ injunction but narrowing its scope). But this order is not limited to restricting improper conduct of the type which the present record indicates plaintiff has displayed in the past. If the "specific vice" sought to be curtailed is simply the appellant's propensity, as here and in 1984, to attempt improper removals to federal court of matters based on her state divorce proceeding, the district court may, after notice, wish to enter an order limiting such conduct. See Castro, 775 F.2d at 410. On the other hand, if the ___ ______ court means to issue a more generalized injunction aimed at preventing the bringing of any and all unpermitted pro se ___ __ actions in the district court, it must develop a record showing such widespread abuse of the judicial system as to warrant such a broadcast prohibition. Id. at 410 n.13. ___ We recognize that the district court is in the best position to set preconditions on access and do not prescribe any particular design for such restraints to take. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th ___ ______ __________ Cir. 1986) (en banc) (compiling illustrative restrictions); see also Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. ___ ____ ___________ ______ 1990); Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. ______ _______ 1986); Winslow, 759 F. Supp. at 678, 683-85. We are also _______ sympathetic to the difficult task faced by a court in -10- attempting to ensure that judicial resources are not misused by abusive litigants. The present litigant has clearly been acting in an unacceptable manner. But for the reasons discussed above, we are unable, without more, to affirm an injunction of unlimited breadth. CONCLUSION CONCLUSION __________ Plaintiff's appeal from the remand order is dismissed for lack of jurisdiction. The order as now _________ worded enjoining the plaintiff, pro se, from removing ___ __ family court matters and commencing any actions in the district court, pro se, without prior approval, is vacated ___ __ _______ and remanded to the district court for further proceedings ________ not inconsistent with this opinion. Appellant's pending motion for a stay of this appeal is denied. So ordered. __ _______ -11-