Mooney v. Dept. of Defense        CV-96-338-JD   07/26/96
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


James M. Mooney

        v.                              Civil No. 96-338-JD

Department of Defense, et al.


                           O R D E R


        For the eighth time since 1992, the plaintiff has filed a

complaint relating to his termination as an employee of the

Department of Defense.  See Order dated June 12, 1995, in James

Mooney v. James Gallagher, et al., Civil No. 95-224-JD, a copy of

which is attached hereto and made a part hereof, setting forth

the plaintiff's litigation history concerning this subject

matter.

        As the litigation history reflects, the plaintiff has been

notified by this court and by the United States Court of Appeals

for the First Circuit on several occasions that exclusive

jurisdiction over the subject matter of this action rests with

the Federal Circuit Court of Appeals under 5 U.S.C. § 7703(a)(1)

and (b)(1).  The complaint in this action fails to set forth any

claims over which this court has subject matter jurisdiction.  In

view of the fact that the plaintiff has been adequately informed

on prior occasions that this court lacks jurisdiction over the

subject matter of his complaint, the court dismisses the complaint.

The June 12, 1995, order also placed the plaintiff on notice that if he filed another complaint relating to the subject matter of his seven previously filed complaints, the court would impose a "leave to file" requirement on him. Heedless of the court's warning, the plaintiff filed the subject complaint.

The court finds that the plaintiff's litigation history demonstrates that he has filed eight complaints since 1992 relating either to his termination as an employee of the Department of Defense or to his attempts to initiate litigation with respect to that termination. The plaintiff has not been successful in any complaint and has been adequately informed why he was not successful. He has persistently attempted to litigate the same subject matter concerning his termination after having been informed on numerous occasions why he could not do so, and in connection with that litigation, he has filed meritless complaints against judges, the Clerk's Offices in the Districts of New Hampshire and Rhode Island, and several federal officials.

The court finds that the plaintiff is a vexatious litigant who has abused his right of access to this court by continuing to pursue groundless litigation. Persistent groundless litigation unnecessarily consumes the resources of the court which otherwise

2

could be used in processing meritorious complaints. The court is mindful that great caution must be exercised in restricting the access of pro se plaintiffs to the judicial process and that any restriction must be narrowly tailored to address the specific problem at hand. See Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993). The plaintiff has been adequately warned in the June 12, 1995, order that he would face restrictions on his access to this court if he filed another complaint relating to his termination as an employee of the Department of Defense. The time has come to take appropriate action to protect the court and its staff from vexatious and groundless litigation.

In light of the previous findings in this order and in the June 12, 1995, order, the court issues the following injunction against the plaintiff:

(1) James M. Mooney is hereby enjoined from filing any complaint in the United States District Court for the District of New Hampshire relating to his termination as an employee of the Department of Defense.

(2) James M. Mooney is hereby enjoined from filing any complaint against the Clerk's Office for the District of New Hampshire, and against any of its staff, arising

3

out of his attempts to litigate his termination in this district.

(3) James M. Mooney is hereby enjoined from filing any complaint against any federal judicial officer for the District of New Hampshire or any federal official arising out of his attempts in this district to litigate his termination.

(4) In order to enforce this injunction, the court orders the following procedures to be followed. If Mr. Mooney presents a complaint to the Clerk's Office, the clerk shall place said complaint in a master miscellaneous file and present it to a district judge for review. If the district judge determines that the complaint violates the terms of this injunction, an order shall issue rejecting the filing of the complaint. If the district judge determines that the complaint does not violate the terms of this injunction, an order shall issue granting Mr. Mooney ten days within which to pay the filing fee. If the fee is timely paid, the complaint shall be filed and given a civil docket number. If the fee is not timely paid, the complaint shall be rejected by order of the court.

4

(5)   This order is not intended to prevent the plaintiff

from bringing any meritorious action which he may have

at any time but rather it is the intent of this order

that before the plaintiff is allowed to institute any

further actions in this district, the plaintiff must

satisfy a district court judge that his complaint does

not violate the specific terms of this order.

(6)   In the event the plaintiff is aggrieved by this order,

his remedy is by appeal rather than by institution of

any further action in this court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

July 26, 1996

cc:  James M. Mooney, pro se

5