USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1226 ARTHUR D'AMARIO, III, Plaintiff, Appellant, v. FRANK J. RUSSO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Arthur D'Amario, III, on brief pro se. ____________________ ____________________ December 5, 1997 ____________________ Per Curiam. Arthur D'Amario, III, has appealed an order __________ of the district court, dated January 7, 1997, that denied his motion filed pursuant to Fed. R. Civ. P. 60(b). That denial is well supported by the November 12, 1996 Report and Recommendation of the magistrate judge, which the district court accepted and adopted. Upon our review of appellant's brief and the record on appeal, we affirm that denial, essentially for the reasons stated in the magistrate's report and recommendation. The January 7, 1997 district court order also recited that "any pleadings, motions, complaints, or other documents which the plaintiff hereafter files in this court will be immediately dismissed or stricken from the record unless he files an affidavit, under oath," that he has paid in full "all outstanding sanctions imposed over the years in a number ___ of frivolous cases he has filed." (Emphasis in the original). We construe this language as enjoining D'Amario from filing any pleadings, motions, complaints, or other documents that arise from and/or relate to his claim that he has a right to photograph concerts at the Providence Civic Center, including filings relating to satellite litigation that D'Amario has repeatedly initiated since his original complaint in 1983. So construed, we find no abuse of discretion in the imposition of this injunction. See Cok v. ___ ___ Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) ____________________________ -2- (reciting that "[f]ederal courts plainly possess discretionary powers to regulate the conduct of abusive litigants). We add that we have previously affirmed the dismissal of a prior lawsuit for failure to comply with past orders directing D'Amario to pay attorney's fees and sanctions in his related suits. See D'Amario v. Pine, No. ___ ________ ____ 95-2131 (1st Cir. Feb. 1, 1996). Affirmed. _________ -3-