Donald R. LEMBO

v.

Robert E. CRANSHAW, et al.

No. 98–173–A.

Supreme Court of Rhode Island.

May 28, 1999.

Paul T. Jones, Jr., Daniel Chaika, Providence, Arthur M. Read, II, North Scituate.

Donald R. Lembo, pro se.

## ORDER

The plaintiff, Donald R. Lembo, appeals pro se from a protective order issued by a Superior Court justice which restrained and enjoined him from filing any civil action in the Superior Court without first making an application and gaining permission from a justice of the Superior Court. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing and argument.

The plaintiff brought suit against defendant Robert Cranshaw alleging invasion of privacy and that Cranshaw had engaged in detective work without a license. Cranshaw had conducted surveillance of the plaintiff and testified on behalf of the plaintiff's wife, Carolyn Lembo, in the Lembos' divorce proceedings. During the discovery process of the instant action, the plaintiff deposed Dr. Robert Marzilli, who had previously served as Carolyn Lembo's treating psychologist. Upon learning of this deposition, Carolyn Lembo intervened in the present action for the purpose of securing a protective order to prevent the plaintiff from inquiring about Carolyn Lembo's relationship with Dr. Marzilli, Robert Cranshaw, and her health records. Carolyn Lembo alleged that the plaintiff deposed Marzilli in order to obtain information to use against Carolyn Lembo in the Lembos' ongoing divorce action.

Subsequently, the trial justice appointed a guardian ad litem for the plaintiff, after the plaintiff had failed to appear at several scheduled court sessions. At a hearing on January 28, 1998, the plaintiff agreed to dismiss his action against defendant Robert Cranshaw and argued that, therefore, intervenor Carolyn Lembo should be removed. Carolyn Lembo then pressed for-

ward on a motion for a protective order to seal the deposition of Robert Marzilli prevent the deposition from being used in any other forum. During the hearing, counsel for Carolyn Lembo also requested the trial judge to restrain the plaintiff from filing further causes of action unless he received permission from the presiding justice. The trial judge agreed and stated:

"I've lived on various aspects of this case for the last three or four years. I remember very succinctly telling Mr. Lembo many years ago that to seriously consider hiring a lawyer before he did anything. He never did. I indicated that this particular lawsuit sounded frivolous, but obviously its in the early stages, so I couldn't very well say. But, since the parties have reached the point—that is the plaintiff and the immediate defendant have reached the point—where they want to resolve the matter, they shall execute mutual releases, file them in court and dismiss this action. At the same time, Mr. Lembo is enjoined and restrained from filing any action in Superior Court without first getting approval of either myself, first of all, and if I'm not around, the presiding justice, or then any other justice in the Superior Court prior to commencing any action."

The plaintiff contends that the trial judge erred in not making any findings on the record in restraining the plaintiff from filing any civil actions. The plaintiff notes that the trial judge did not receive any affidavits or evidence in support of Carolyn Lembo's request for a protective order. The plaintiff further argues that the protective order violated the equal protection and due process clauses of the Fourteenth Amendment, as well as the First, Ninth and Tenth Amendments to the United States Constitution. He contends that the protective order lacks the requisite specificity because it does not distinguish between actions he might file pro se and actions he might file as an attorney.

First, we note that the appeal is properly before us. When an order enjoins a party from filing civil actions, we may review the propriety of such an order even when that party has not yet attempted to file a new civil action. *See Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 n. 2 (1st Cir.1993). An injunction may be appealed to this court pursuant to G.L. § 9–24–7.

"[A] litigant's access to the courts may indeed be limited to preserve the court's resources." *State v. D'Amario*, 725 A.2d 276, 280 (R.I.1999). In *D'Amario*, after surveying recent decisions of the United States Supreme Court, we interpreted those decisions "as justifying the placing of reasonable limits on the filings of litigants who abuse the judicial system." *Id.* at 281. However, we also stated that restrictions on a party's access to the courts should be narrowly drawn. *Id.* Not only must an order restraining the filing of civil actions have a narrowness of scope, but it also must be supported by specific findings. *See Jacob v. Burke*, 110 R.I. 661, 675, 296 A.2d 456, 464 (1972) (decision granting injunctive relief which does not contain findings is an abuse of discretion). *See also Rudnicki v. McCormack*, 210 F.Supp. 905 (D.R.I.1962).

In examining the record we conclude that the trial justice failed to make the requisite findings to support his order restraining the plaintiff from filing future civil actions. A trial court must state its reasons for imposing an injunction against filing civil actions. *See Sires v. Gabriel*, 748 F.2d 49, 51–52 (1st Cir.1984) ("If the necessary findings of abuse are made, then an injunction may properly issue"). No affidavits or exhibits were submitted demonstrating the plaintiff's abusive actions towards the judicial system. "It would have been helpful had the [trial] court identified what previously filed frivolous cases or other abuses caused it to issue this injunction." *Cok*, 985 F.2d at 35. Because of the breadth of a ban on all civil actions, a court must "develop a record

showing such widespread abuse of the judicial system as to warrant such a broadcast prohibition." *Id.* at 36.

Also, a party subject to such restriction against the filing of civil actions should be given notice of the contemplated sanction and an opportunity to present evidence in opposition to the proposed sanction. *Id.* at 35. We further conclude that the plaintiff was not afforded a meaningful opportunity to present evidence opposing the proposed order restraining him from filing any civil action.

Because specific findings were not made and the plaintiff was not given an opportunity to oppose the proposed sanction, we sustain the appeal and remand this case to the trial court for further proceedings consistent with this opinion.