Gladys L. COK

v.

**Paula READ.**

No. 99–478–Appeal.

Supreme Court of Rhode Island.

May 4, 2001.

---

Gladys L. Cok, for Plaintiff.

Arthur M. Read, II, North Scituate, for Defendant.

Present: WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Following a hearing in the Superior Court on the failure of the plaintiff, Gladys L. Cok (the plaintiff), to comply with a civil contempt order, the motion justice conditionally restricted her *pro se* access to the Rhode Island Superior Court by barring her from appearing in any civil action as a plaintiff *pro se* for a period of one year. The plaintiff appeals *pro se* by challenging the propriety of that restriction.

The case came before a single justice of this Court, who directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that cause has not been shown, and we proceed to resolve the appeal at this time.

## Facts/Procedural History

This appeal is the second one filed by the plaintiff in this matter. In her first appeal, the plaintiff challenged the imposition of a sanction ordering the plaintiff to pay $500 in attorney's fees. There, we adduced the following relevant facts:

"In 1997, plaintiff filed successive District Court actions alleging that defendant [, Paula Read,] had not paid past due rent. All three actions were adjudicated in favor of the defendant. The plaintiff did not appeal any of these District Court adjudications. Subsequently, plaintiff filed an identical action for past due rent in Providence Superior Court. The motion justice dismissed the plaintiff's Superior Court action pursuant to the doctrine of res judicata. Thereafter, plaintiff filed a motion for reconsideration, which the trial justice denied. The motion justice also found that plaintiff's motion to reconsider was 'totally frivolous, a waste of the court's time * * *.' She ordered plaintiff to pay $500 in attorney's fees to defendant as a sanction for wasting defendant's attorney's time." *Cok v. Read,* No. 98–407–C.A. (R.I., unpublished order, filed June 17, 1999).

Thereafter, we denied and dismissed the plaintiff's appeal and remanded the matter back to the Superior Court.

Subsequently, the plaintiff failed to pay the sanction and Paula Read (the defendant) filed a motion to adjudge her both in

civil and criminal contempt. The defendant sought interest, additional attorney fees and witness fees. On August 25, 1999, at a hearing on the motion, the plaintiff again attempted to adjudicate issues already conclusively decided against her. She additionally asserted that she was unable to pay the sanction in one lump sum. At the conclusion of the hearing, the motion justice found the plaintiff to be in civil contempt and ordered the plaintiff to purge the contempt by paying the sanction on or before September 7, 1999, or by paying $50 per day after that date until the amount is paid in full. The motion justice then continued the matter until September 14, 1999.

On September 3, 1999, the plaintiff made one payment of $50 to the defendant.[1] At the hearing on September 14, 1999, after the motion justice discovered that the plaintiff had failed to comply with her previous contempt order, she, *sua sponte*, "barred [the plaintiff] from appearing *pro se* as plaintiff in any actions in the Rhode Island Superior Court for one year." The motion justice then stated that:

"[a]t the expiration of one year, upon filing a motion through counsel and hearing thereon, her right to litigate *pro se* as a plaintiff in civil actions in this Court shall be reinstated, so long as the remaining $450 has been paid to defendant's counsel prior to that date.

\* \* \*

"In the event that the $450 has not been paid, the ban on *pro se* appearances will be extended for an additional limited period. \* \* \* [The] right to appear *pro se* in the Superior Court in civil matters

as a plaintiff, will not be reinstated until the counsel fee has been satisfied. Within thirty days of this order \* \* \* plaintiff must engage counsel on any pending case in which she appears as plaintiff *pro se* in the Rhode Island Superior Court or such cases shall be dismissed, with prejudice."

These restrictions excluded all criminal matters, as well as cases in which the plaintiff might appear as a defendant.[2] After orally issuing her order, and in response to a question posed by the plaintiff concerning the decision, the motion justice responded:

"My ruling speaks for itself. If you wish a copy of the transcript of the ruling, you may order it. \* \* \* Order the transcript, then read it over, and you'll see what I ruled. My ruling stands and it speaks for itself."

The plaintiff now appeals the order, contending that these *pro se* restrictions unconstitutionally impinge on her right of access to the courts.[3]

### Analysis

■ Before we proceed with the instant appeal, we first observe it is properly before us because "[w]hen an order enjoins a party from filing civil actions, we may review the propriety of such an order even when that party has not yet attempted to file a new civil action." *Lembo v. Cranshaw*, 736 A.2d 88, 89 (R.I.1999) (mem.) (citing *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 n. 2 (1st Cir.1993)).

■ Recently we noted that "courts have limited resources and that relentless,

---

1. No further payments ever have been made; thus, $450 is still outstanding.

2. Acknowledging that the sanction was harsh, the trial justice nevertheless found it to be justified because the plaintiff had violated Rule 11 of the Superior Court Rules of Civil Procedure and had displayed a lack of respect for the court and its orders.

3. In addition, the plaintiff again futilely attempts to beat life into her substantive claims. We decline to address those long-since-extinct issues.

frivolous filings constitute unreasonable demands on those resources." *State v. D'Amario*, 725 A.2d 276, 281 (R.I.1999) (per curiam). Thus, in order to preserve court resources, courts may place "reasonable limits on the filings of litigants who abuse the judicial system." *Id.* However, "such a sanction should be drawn narrowly." *Id.* This is so because "[i]f an injunction against future litigation were couched in overly broad terms, this could impermissibly infringe upon a litigator's right of access to the courts." *Cok*, 985 F.2d at 34 (quoting *Castro v. United States* 775 F.2d 399, 410 (1st Cir.1985)). Thus, "broad filing restrictions against *pro se* plaintiffs 'should be approached with particular caution.' " *Cok*, 985 F.2d at 35 (quoting *Pavilonis v. King* 626 F.2d 1075, 1079 (1st Cir.), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980)). Across the board restrictions to court access "should be issued only when abuse is so continuous and widespread as to suggest no reasonable alternative." *Cok*, 985 F.2d at 36. In addition, "[n]ot only must an order restraining the filing of civil actions have a narrowness of scope, but it also must be supported by specific findings." *Lembo*, 736 A.2d at 89.

■ "Because of the breadth of a ban on all civil actions, a court must 'develop a record showing such widespread abuse of the judicial system as to warrant such a broadcast prohibition.' " *Id.* at 89–90 (quoting *Cok*, 985 F.2d at 36). "Also, a party subject to such restriction against the filing of civil actions should be given notice of the contemplated sanction and an opportunity to present evidence in opposition to the proposed sanction." *Lembo*, 736 A.2d at 90. "Adequate notice may be informal * * *." *Cok*, 985 F.2d at 35.

■ In the instant case, it appears that the plaintiff was not given any notice or prior warning that restrictions on her *pro se* appearances were contemplated. Although the defendant maintained that she had been harassed by the plaintiff's conduct, there is no evidence that she ever sought specific court filing restrictions against that conduct; instead, the defendant sought only additional fees and interest as sanctions for the plaintiff's civil contempt. The record also reveals that the plaintiff never was given an opportunity to oppose the *pro se* restrictions placed upon her at the hearing on September 14, 1999.

■ "A second question is whether the record is sufficiently developed to show that an injunction as sweeping as this one is warranted." *Cok*, 985 F.2d at 35. The record reveals that the plaintiff was ordered to pay $500 in attorney's fees for filing a frivolous motion. This Court upheld that order. The plaintiff failed to pay the sanction and was adjudged in civil contempt. The plaintiff later failed to purge herself of that contempt. The motion justice then enjoined her for a period of one year from appearing as a plaintiff *pro se* in any and all Superior Court civil actions, whether related or unrelated to the instant matter and regardless of whether she paid the sanction within that year.

The breadth of this *pro se* restriction causes us some concern. Had the motion justice, after notice and an opportunity to be heard, permanently enjoined the plaintiff from filing further motions in the instant case, we doubtless would have approved that action. Such a limited order would be supported by the record. However, if the motion justice wishes to prevent the plaintiff from appearing as a plaintiff *pro se* in any and all civil actions, she "must develop a record showing such widespread abuse of the judicial system as to warrant such a broadcast prohibition." *Cok*, 985 F.2d at 36.

 

For the foregoing reasons, the plaintiff's appeal is sustained in part and denied in part. The order as now worded is vacated and the papers in this case are remanded to the Superior Court for further proceedings not inconsistent with this opinion.