**Supreme Court**
No. 2011-351-Appeal.

Norman Laurence  :

v.  :

Rhode Island Department of Corrections  :
et al.  :

**O R D E R**

This case came before this Court in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After carefully reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

The plaintiff in this case, Norman Laurence, an inmate incarcerated at the Adult Correctional Institutes (ACI), serving a sentence of life without the possibility of parole, filed a complaint in Providence County Superior Court, which was subsequently amended to name fifty-three specific individual defendants, all employees of the ACI or the larger Department of Corrections (DOC). The gist of the complaint was plaintiff's allegation that defendants violated his right to privacy by using a hidden camera located in his prison cell that was monitoring and videotaping him "reading his legal work, and legal mail," as well as monitoring him performing other personal activities, and that specific defendants were showing these videotapes to various people.

The state filed an answer on behalf of the fifty-three defendants, and, after substantial interrogatories were propounded and other discovery was conducted, filed a motion to dismiss

and/or for summary judgment, arguing that plaintiff's claims were barred by res judicata, that plaintiff had failed to state a claim upon which relief could be granted, and that summary judgment was proper as there was no genuine issue of material fact. The defendants cited to this Court's opinion in State v. Laurence, 18 A.3d 512, 524 (R.I. 2011), in which this Court reviewed the denial of the plaintiff's application for postconviction relief, which application was based in large part on his assertion that there was "a camera hidden in his cell at the ACI [which] taped, recorded, or took photographs of his 'law work'". This Court agreed with the Superior Court justice that there was "not a shred of credible evidence" relative to these claims. Laurence, 18 A.3d at 525.

A hearing was held on defendants' motion to dismiss and/or for summary judgment. At that hearing, the trial justice inquired whether plaintiff had come forward with any admissible evidence "to demonstrate th[e] very important and material issue of fact *** [of whether] there was a camera in [his] light fixture." The plaintiff responded "Yes," and continued to articulate some of the procedural history of his related federal court claims, but he did not specify what evidence, if any, there was of a camera hidden in his cell.

The trial justice rendered a bench decision, granting defendants' motion. She noted that, while there were multiple allegations against varying individuals, all of plaintiff's allegations stemmed from the accusation that there was "a camera in the light fixture in his cell." Stating that she had carefully read all of the federal court decisions, recommendations, and orders, this Court's opinion in plaintiff's postconviction relief proceeding, and all of plaintiff's submissions, she said that res judicata applied to "a large portion of this." She added that plaintiff had "failed to come forward with admissible evidence of material facts to support a genuine dispute about the fact that any one of the defendants was using electronic surveillance in his cell," and she

2

concluded that the action had to be dismissed pursuant to Rules 12 and 56 of the Superior Court Rules of Civil Procedure.

On appeal, plaintiff reiterates many of the same factual allegations from his underlying complaint and argues that he was "never allowed a full and fair opportunity to litigate" that complaint. The defendants argue that plaintiff's claims are barred by res judicata, and that plaintiff presented no genuine issue of material fact that would preclude summary judgment.

"This Court reviews a lower court's grant of a motion for summary judgment de novo, 'employing the same standards and rules used by the hearing justice.'" Jessup & Conroy, P.C. v. Seguin, 46 A.3d 835, 838 (R.I. 2012) (quoting Empire Acquisition Group, LLC v. Atlantic Mortgage Co., 35 A.3d 878, 882 (R.I. 2012)). "We will affirm the grant of summary judgment only '[i]f we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law * * *'." Id. (quoting Empire Acquisition Group, LLC, 35 A.3d at 882).

"The party opposing summary judgment bears the burden of proving, by competent evidence, the existence of facts in dispute." Id. Seguin, 46 A.3d at 838 (quoting Higgins v. Rhode Island Hospital, 35 A.3d 919, 922 (R.I. 2012)). "[P]arties will not be allowed to rely upon mere allegations or denials in their pleadings" but "[r]ather, by affidavits or otherwise[, they] have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact" for the fact finder. Id. at 839 (quoting Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998)).

In the instant appeal, plaintiff has failed to establish the existence of a genuine issue of material fact. As the trial justice observed in her bench decision, plaintiff's allegations relied

entirely on his own self-serving claims as to the existence of a video-surveillance device hidden in his prison cell, the ongoing campaign of verbal and psychological harassment against him, and the numerous alleged breaches of his constitutional rights.

Additionally, plaintiff's complaint failed to contain a "short and plain statement of the claim[s]" as required by Rule 8(a)(1) of the Superior Court Rules of Civil Procedure, sufficient to provide "'the opposing party fair and adequate notice of the type of claim being asserted,' even if it does not plead the ultimate facts or precise legal theory upon which the claim is based." Dellefratte v. Estate of Dellefratte, 941 A.2d 797, 798 (R.I. 2007) (mem.) (quoting Berard v. Ryder Student Transportation Services, Inc., 767 A.2d 81, 83 (R.I. 2001)).

Finally, the plaintiff received a full and fair hearing on his opposition to the defendants' motion to dismiss and/or for summary judgment. The trial justice heard from both parties, reviewed the plethora of materials submitted in connection with the motion, fully set forth both the standard of review and the reasoning that she employed in her decision, and provided the plaintiff with an additional opportunity to respond to her concerns. We discern no error on the part of the court in granting the defendants' motion to dismiss and/or for summary judgment.

Accordingly, the judgment of the Superior Court is affirmed, the plaintiff's appeal is denied and dismissed, and the papers in this case are ordered remanded to the Superior Court.


Entered as an Order of this Court on this 14th day of February, 2013.


By Order,


_____/s/_____
Clerk


4



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## Clerk's Office Order/Opinion Cover Sheet

**TITLE OF CASE:** Norman Laurence v. Rhode Island Department of Corrections et al.

**CASE NO:** No. 2011-351-Appeal
(PC-03-6046)

**COURT:** Supreme Court

**DATE ORDER FILED:** February 14, 2013

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** N/A – Court Order

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia A. Hurst

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Norman Laurence, Pro se

For State:   Thomas A. Palombo
Department of Attorney General

For Department of Corrections:  Michael B. Grant, Esq.