**Supreme Court**

No. 2012-197-Appeal.
(PC 11-4971)

Norman Laurence            :

        v.                 :

Rhode Island Department of  :
    Corrections et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Norman Laurence                    :

v.                                 :

Rhode Island Department of         :
    Corrections et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on May 7,

2013, pursuant to an order directing the parties to appear and show cause why the issues raised in

this appeal should not summarily be decided.  The pro se plaintiff, Norman Laurence (plaintiff or

Laurence), appeals[1] from two orders entered in a civil action against the defendants:  (1) an order

denying his motion to proceed in forma pauperis, and (2) an administrative order restricting him

from filing any pro se actions in Superior Court.

### Facts and Travel

The plaintiff, an inmate incarcerated at the Adult Correctional Institutions (ACI), is

serving a sentence of life imprisonment without the possibility of parole and has been a frequent

litigator in our courts.  Indeed, plaintiff has presented claims to this Court, the Superior Court,

---

[1] We note that plaintiff has appealed the entry of an interlocutory order, and such orders are more properly reviewed by this Court by way of petition for writ of certiorari.  See Dale v. Dale, 37 A.3d 124, 124 (R.I. 2012) (mem.) ("Interlocutory orders are reviewable only by way of writ of certiorari.").  Nonetheless, we will review plaintiff's claims of error on appeal.  See Boranian v. Richer, 983 A.2d 834, 837 (R.I. 2009) (explaining that this Court may review "an 'order or decree which, although in a strict sense interlocutory, does possess such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm.'" quoting Town of Lincoln v. Cournoyer, 118 R.I. 644, 648, 375 A.2d 410, 412-13 (1977)); see also McAuslan v. McAuslan, 34 R.I. 462, 472, 83 A. 837, 841 (1912).

and the United States District Court for the District of Rhode Island.[2]  Consequently, this Court previously has had the opportunity to review many of the allegations made by plaintiff with respect to this claim.[3]

The entirety of plaintiff's history with the courts is extensive; for purposes of plaintiff's current appeal, the operative facts and travel are as follows.  The plaintiff filed a complaint in Superior Court on November 18, 2003; he then moved to amend that complaint.  That motion was granted on December 15, 2004.  In his fifty-three page amended complaint, plaintiff named as defendants fifty-three specific individuals.  Generally, the named defendants are employees of the ACI or the larger Department of Corrections (DOC) and A.T. Wall.  The principal allegations in the amended complaint centered on the following claims:  defendants violated plaintiff's right to privacy by using a hidden camera located in his prison cell to monitor and videotape plaintiff as he reviewed his "legal work" and "legal mail"; that defendants were monitoring his personal activities; that specific defendants displayed these videotapes to various people; and that defendants regularly harassed plaintiff.

---

[2] See Laurence v. Rhode Island Department of Corrections, 59 A.3d 1182 (R.I. 2013); State v. Laurence, 18 A.3d 512 (R.I. 2011); State v. Laurence, 848 A.2d 238 (R.I. 2004); Laurence v. Sollitto, 788 A.2d 455 (R.I. 2002); Laurence v. Nelson, 785 A.2d 519 (R.I. 2001); see also Laurence v. Wall, No. CA 07-081, 2011 WL 2357357 (D.R.I. June 8, 2011); Laurence v. Wall, No. 07-081 ML, 2011 WL 2358564 (D.R.I. May 18, 2011); Laurence v. Wall, No. CA 08-109 ML, 2011 WL 835499 (D.R.I. Mar. 4, 2011); Laurence v. Wall, No. CA 08-109 ML, 2011 WL 590410 (D.R.I. Feb. 10, 2011); Laurence v. Wall, No. 08-109 ML, 2011 WL 590420 (D.R.I. Jan. 11, 2011); Laurence v. Wall, No. CA 08-109 ML, 2010 WL 5089760 (D.R.I. Dec. 7, 2010); Laurence v. Wall, No. CA 08-109 ML, 2010 WL 4137295 (D.R.I. Oct. 20, 2010); Laurence v. Wall, No. CA 08-109 ML, 2010 WL 4137444 (D.R.I. Sept. 30, 2010); Laurence v. Wall, No. CA 09-427 ML, 2009 WL 4780910 (D.R.I. Dec. 10, 2009); Laurence v. Wall, No. CA 08-109 ML, 2009 WL 3674515 (D.R.I. Nov. 4, 2009); Laurence v. Wall, No. CA 08-109 ML, 2009 WL 1657982 (D.R.I. June 12, 2009); Laurence v. Wall, No. CA 08-109 ML, 2009 WL 1657590 (D.R.I. June 11, 2009).

[3] Most recently, in plaintiff's application for postconviction relief, Laurence, 18 A.3d at 521, we reviewed his allegation of video surveillance of plaintiff in his prison cell.

The state subsequently filed a motion to dismiss and/or for summary judgment. In support of that motion, the state argued that plaintiff had failed to state a claim upon which relief could be granted.

The trial justice heard arguments on the state's motion. In a bench decision delivered at the conclusion of the hearing, the trial justice granted that motion. In her decision, the trial justice found that "a large portion" of the claims were barred by res judicata and, accordingly, she was satisfied that the action must be dismissed pursuant to Rules 12 and 56 of the Superior Court Rules of Civil Procedure. An order and a final judgment granting the state's motion were entered on August 22, 2011. On appeal of that decision, this Court affirmed the judgment of the Superior Court after concluding that plaintiff failed to establish an issue of material fact; that his complaint did not contain a short and plain statement of claims pursuant to Rule 8(a)(1) of the Superior Court Rules of Civil Procedure; and that plaintiff had been afforded a full and fair hearing on the motion to dismiss. Laurence v. Rhode Island Department of Corrections, 59 A.3d 1182, 1184 (R.I. 2013).

Meanwhile, plaintiff filed another complaint in Superior Court on August 22, 2011. Along with that complaint, plaintiff filed a motion to proceed in forma pauperis. This complaint named thirteen defendants—all employees of the DOC—and alleged violations of his First, Eighth, and Fourteenth Amendment rights. The plaintiff also asserted that his free speech was being constrained by "the use of physical violence, threats[,] blackmail[,] and extortion[,]" that his rights to the courts were being obstructed, and that he was being harassed because of his legal proceedings.[4]

---

[4] In his complaint, plaintiff alleged many instances of verbal harassment by correctional officers and other prison employees. For instance, plaintiff claimed that various officers and prison employees called plaintiff a child molester and also made comments about his legal work and

- 3 -

In response, the state filed an objection to plaintiff's motion to proceed in forma pauperis and argued that plaintiff had filed "numerous meritless actions" in both state and federal court and that his motion should be denied. The state further averred that plaintiff was abusing the state and the judiciary's limited resources. Based on these contentions, defendants asked that plaintiff's motion be denied and the case dismissed or, in the alternative, that the court decline to order a waiver of the filing fee. The defendants implored the court "to fashion a remedy to prevent [plaintiff's] ongoing, nonstop litigation against the DOC and literally every DOC official and officer."

The motion to proceed in forma pauperis came before the trial justice on August 30, 2011.[5] Initially, the trial justice indicated that she was "inclined to grant [plaintiff's] motion to proceed in forma pauperis with respect to the filing fees and the transcript fees for the hearing of July 22nd, 2011[, PC 03-6046]." The state responded that it had no objection to that motion for transcript costs "on the appeal of the 2003 case," but it expressed its intention "to take a very different position with regard to [plaintiff's new action, PC 11-4971]."

After setting forth the various factors to be considered in a noncriminal matter, including "[t]he need for finality," the trial justice granted plaintiff's motion to proceed in forma pauperis as to the earlier case. When the trial justice turned to the new claim, PC 11-4971, the appeal of which is now before us, the state objected to plaintiff's in forma pauperis motion, arguing that plaintiff's new complaint comprised "similar allegations to [those] set forth in earlier cases,"

---

civil actions against prison employees. In addition, plaintiff claimed that various individuals were making and viewing videotapes of plaintiff's private activities conducted in his cell. The plaintiff concluded his lengthy complaint by repeating his constitutional claims and adding that defendants were guilty of defamation and of painting plaintiff in a false light. Additionally, he alleged that he had been physically assaulted and sexually harassed.

[5] The plaintiff's motion sought permission to proceed in forma pauperis in his appeal in case PC 03-6046 and in the newly filed PC 11-4971.

including the allegations of interference with plaintiff's legal work, harassment and assault by correctional officers, and allegations regarding plaintiff's psychiatric report, and it noted that plaintiff had filed a number of "substantially similar cases." The state asserted that plaintiff's case should be screened by the court and, further, that plaintiff should not be allowed to proceed in forma pauperis. In the alternative, the state argued that, if the case were allowed to go forward, plaintiff should be required to pay the filing fees from earnings from his prison job and money deposited in his account by people outside of the prison. The state concluded its argument by requesting that plaintiff's actions be halted, stating that, "at some point this has to come to an end" and "[a]t some point[,] the [c]ourt has to say enough, Mr. Laurence."

The plaintiff began his response by describing his attempts to write and send letters to attorneys, but "the contents [of his letters were] all over the place" because "correctional officers spread a whole bunch of rumors about lawyers because of what they got from [his] legal work." At this juncture, the trial justice interposed that she was inclined to deny plaintiff's motion; then she laid out her reasoning so that plaintiff could respond to it. The trial justice indicated that plaintiff's current action was a civil case, rather than criminal, and she would consider that factor. She also stated that plaintiff's pleadings did not comport with the requirements of Rule 8; the complaint, though "very detailed," was "rambling" and "not concisely pled," and the trial justice noted that "it was impossible * * * to discern against whom the various aspects of the[] claims [were] being alleged."[6]

In response, plaintiff requested additional time to amend his complaint. The trial justice asked plaintiff whether his case was "a continuation of the earlier patterns that [he] was alleging

---

[6] Rule 8(a) of the Superior Court Rules of Civil Procedure states, in relevant part, that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

- 5 -

in [his] other cases[,]" and plaintiff answered, "Yes, [the case was] for things that have happened in 2000 for three years[,]" and he added that it "ha[d] gone on for a long time."

After this exchange, plaintiff inquired as to whether he would be allowed to proceed with his lawsuit and whether the court could instruct him as to how many pages his complaint could be. The trial justice explained that "[i]t's not a question of pages," but rather that "Rule 8 requires notice pleading, which means that when somebody reads the complaint, whether it's long or whether it's short, they really understand that they're a defendant and what claim specifically is being brought against them * * *." After explaining that plaintiff's complaint was lacking in these regards, the trial justice denied his motion to proceed in forma pauperis and ordered that the clerk not accept any new filings from plaintiff unless he was represented by counsel and further instructed that any pleadings must be signed by counsel in accordance with Rule 11 of the Superior Court Rules of Civil Procedure.

Two orders entered on August 30, 2011. One order denied plaintiff's motion to proceed in forma pauperis and to waive the filing fee in PC 11-4971, and also ordered that the clerk not accept any "new complaint, petition, pleadings, filings or papers" from plaintiff "unless he is represented by counsel" and the papers were signed by counsel pursuant to Rule 11. The other order—captioned "Administrative Order"—prohibited the clerks of the Superior Court from accepting "any pleadings or papers, including, but not limited to, complaints, petitions, motions, requests, claims, and causes of action brought by [plaintiff] or on his behalf unless said pleading or paper is signed by a licensed Rhode Island attorney in accordance with [Rule 11]." Notably, this order was not limited to filings in case PC 11-4971, nor did it exclude criminal cases or cases in which plaintiff might be named as a defendant; the order stated that "[t]he only exception * * * shall be with respect to * * * P.C. 03-6046 * * *." In conclusion, the order

- 6 -

directed that papers submitted by plaintiff be retained "[f]or purposes of record keeping only," but it also instructed that "no such pleadings and papers will be scheduled for hearing and no action shall be taken upon them unless they are signed by a licensed Rhode Island attorney in accordance with [Rule 11]."

The plaintiff timely appealed. Together with his appeal, plaintiff filed a motion to proceed in forma pauperis for purposes of the filing fees and the availability of transcripts for the appeal. Soon thereafter, the state filed its response to plaintiff's motions, noting that it did not object. The record reflects that these motions were granted.

**Discussion**

Although plaintiff's travel throughout our court system is extensive, we are confronted with only two issues in this appeal. The plaintiff has appealed from (1) the Superior Court justice's order denying his motion to proceed in forma pauperis and (2) the administrative order restricting plaintiff's ability to proceed pro se in case PC 11-4971. We address these two orders in turn.

First, plaintiff has moved for permission to proceed in forma pauperis with his lawsuit. "This [C]ourt has held that '[i]n every instance [when in forma pauperis benefits are sought] the burden of proving indigence in relation to the payment of the required filing fee or other element of cost is upon the party seeking such relief.'" D'Amario v. State, 686 A.2d 82, 86 (R.I. 1996) (quoting Silvestro v. Almonte, 484 A.2d 900, 903 (R.I. 1984)). Before this Court, however, plaintiff expressed his willingness to pay the fees associated with that lawsuit. In light of that concession, we deem the issue waived.[7]

---

[7] We note that plaintiff did not file an affidavit of indigency, but rather, in his motion to proceed in forma pauperis, he stated that he owns no property, he has "a prison job" that pays him $60 per month, the federal court "takes 20 percent of [his] earnings," and he must "buy [his] own

Second, plaintiff argues that the trial justice erred when she granted an order that restricted his ability to proceed as a pro se litigant in virtually any cases in our courts. For its part, the state argues that the trial justice's order was appropriate, citing this Court's opinion in State v. D'Amario, 725 A.2d 276, 280-81 (R.I. 1999), in support of its proposition that a litigant's access to the courts may indeed be limited to preserve the courts' resources. After careful review of the record, we are of the opinion that the trial justice erred when she directed the entry of this order.

Our decision in Cok v. Read, 770 A.2d 441 (R.I. 2001), is instructive. In Cok, we addressed the appropriateness of an order that "barred [a party] from appearing pro se as a plaintiff in any actions in the Rhode Island Superior Court for one year[,]" "exclud[ing] all criminal matters" and "cases in which [a] plaintiff might appear as a defendant." Id. at 443. We remarked that "courts have limited resources and that relentless, frivolous filings constitute unreasonable demands on those resources." Id. at 443-44 (quoting D'Amario, 725 A.2d at 281). Further, this Court observed that while "courts may place 'reasonable limits on the filings of litigants who abuse the judicial system[,] * * * such a sanction should be drawn narrowly.'" Id. at 444 (quoting D'Amario, 725 A.2d at 281). Indeed, "[i]f an injunction against future litigation were couched in overly broad terms, this could impermissibly infringe upon a litigator's right of access to the courts." Cok, 770 A.2d at 444 (quoting Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)). Accordingly, we directed that "broad filing restrictions against pro se plaintiffs 'should be approached with particular caution.'" Id. (quoting Cok, 985 F.2d at 35); see also Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980).

---

clothes[,] stamps, cop[ies,] and case law if the library [does not] have it." Nonetheless, because plaintiff has indicated his willingness to cover court costs, we need not pass upon this issue.

In fact, this Court carefully instructed that "[a]cross the board restrictions to court access 'should be issued only when abuse is so continuous and widespread as to suggest no reasonable alternative,'" Cok, 770 A.2d at 444 (quoting Cok, 985 F.2d at 36), and "[n]ot only must an order restraining the filing of civil actions have a narrowness of scope, but it also must be supported by specific findings." Id. (quoting Lembo v. Cranshaw, 736 A.2d 88, 89 (R.I. 1999) (mem.)). In addition, we indicated that, "[b]ecause of the breadth of a ban on all civil actions, a court must 'develop a record showing such widespread abuse of the judicial system as to warrant such a broadcast prohibition.'" Id. (quoting Lembo, 736 A.2d at 89-90). This Court also determined that "a party subject to such restriction against the filing of civil actions should be given notice of the contemplated sanction and an opportunity to present evidence in opposition to the proposed sanction." Id. (quoting Lembo, 736 A.2d at 90). Notwithstanding the need for procedural protections, in D'Amario, 725 A.2d at 280-81, 281, we pointed to several holdings of the United States Supreme Court that "justif[ied] the placing of reasonable limits on the filings of litigants who abuse the judicial system" and similarly declared that "the right at issue [in D'Amario] [was] not so fundamental as to be completely unwaivable in certain instances."

In the case at bar, the order limiting plaintiff's access to the court is overly broad; it is tantamount to a lifetime ban on the Superior Court's acceptance of any pro se filing by plaintiff—excepting those related to the instant appeals—and fails to exclude criminal cases or those matters in which plaintiff may appear as a defendant. Critically, the order fails to recite any findings of fact, nor does it appear that plaintiff was afforded notice or an adequate opportunity to be heard before it was entered. Furthermore, we are not convinced that the record in this case reflects a degree of "abuse [that] is so continuous and widespread as to suggest no reasonable alternative." Cok, 770 A.2d at 444 (quoting Cok, 985 F.2d at 36). It appears that,

although there may be a multitude of defendants, there is not a multitude of suits. This Court does not dispute the simple truth that plaintiff has been a repeat patron of Rhode Island's state and federal courts, and we acknowledge that his filings are numerous, lengthy, and often unclear; but this order—wholly lacking in specific findings—does not show "such widespread abuse of the judicial system as to warrant such a broadcast prohibition." Id. (quoting Lembo, 736 A.2d at 89-90).

In sum, the order does not comport with this Court's precedent and fails to include the protections afforded to plaintiff by D'Amario and Cok. Therefore, we conclude that the order was improperly entered and "impermissibly infringe[s] upon [plaintiff's] right of access to the courts." Cok, 770 A.2d at 444 (quoting Cok, 985 F.2d at 34).

We pause to note that, before this Court, the plaintiff stated that life at the ACI has improved since he last availed himself of our courts and that he does not anticipate any additional litigation. Nevertheless, the plaintiff explained that he seeks to preserve his right to pursue a claim in the future, but only if the need to do so arises. We take the plaintiff at his word that he has no current intention to pursue further litigation of civil claims that clearly are barred by res judicata.

**Conclusion**

For the foregoing reasons, the orders restricting the plaintiff from filing any pro se actions in Superior Court are vacated. The record shall be remanded to the Superior Court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Norman Laurence v. Rhode Island Department of Corrections et al.

**CASE NO:**   No. 2012-197-Appeal.
(PC 11-4971)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   June 20, 2013

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Patricia A. Hurst

**ATTORNEYS ON APPEAL:**

For Plaintiff:    Norman Laurence, Pro Se

For Defendant:  Thomas A. Palombo, Esq.