NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-339

GERARD D. GRANDOIT

vs.

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION & others[1] (and three consolidated cases[2])

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Gerard D. Grandoit appeals from orders and judgments dismissing four complaints against the Massachusetts Commission Against Discrimination (commission) and others, for failure to file the complaints in accordance with a screening order imposed by a judge of the Superior Court in January of 2022. On appeal, Grandoit claims that he never received the Superior Court screening order, and that his claims are meritorious and should be heard. We affirm.

A frequent litigant, Grandoit has repeatedly attempted to file appeals from lack of probable cause findings by the

_____

[1] Sweepstakes Audit Bureau, Prize Report Opt-Out, and Emerson Publishing Inc.

[2] The cases involve the same parties.

commission in the Superior Court.  See, e.g., Grandoit v.
Massachusetts Comm'n Against Discrimination, 95 Mass. App. Ct.
603 (2019); Grandoit v. Massachusetts Comm'n Against
Discrimination, 98 Mass. App. Ct. 1114 (2020) (decision pursuant
to former rule 1:28, now known as rule 23.0).  The Superior
Court has no jurisdiction to hear such an appeal.  Grandoit, 95
Mass. App. Ct. at 604.  The January 2022 order of the Superior
Court clearly instructed that all complaints filed by Grandoit
must be verified and reviewed by a regional administrative
justice to determine whether or not they are frivolous before
they are accepted for filing.  The screening order was properly
tailored, and comports with due process, contrary to the
plaintiff's arguments.  See Berkson v. Palmer & Dodge LLP, 428
Mass. 1002, 1002 (1998); Brookline v. Goldstein, 388 Mass. 443,
448 n.6 (1983); Laurence v. Rhode Island Dep't of Corrections,
68 A.3d 543, 549 (2013).  The four complaints in this matter,
which purport to appeal from orders dismissing complaints the
plaintiff filed with the commission for lack of probable cause,
did not comply with the screening order.  The Superior Court
judge did not abuse her considerable discretion in dismissing
them.

The plaintiff claims that he had no notice of the screening
order.  The docket reflects that the parties were notified.  See
Northeast Line Constr. Corp. v. J.E. Guertin Co., 80 Mass. App.

2

Ct. 646, 651 (2011), quoting Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928, 929 (1999) (docket sheets prima facie evidence of facts recorded). See also Savage v. Welch, 246 Mass. 170, 176 (1923); Washington Nat'l Bank v. Williams, 190 Mass. 497, 503 (1906). Grandoit did not rebut this showing with admissible evidence. Northeast Line Constr. Corp., supra at 652. However, even if we were to excuse the lack of compliance on this basis, the four complaints filed in the Superior Court were properly dismissed. The Superior Court has no jurisdiction to entertain such appeals, as our previous case involving this plaintiff held. Moreover, as we have previously observed, Grandoit has a remedy -- he may file a complaint in the Superior Court against the entities he claims discriminated against him. "An investigating commissioner's determination of no probable cause will end the administrative process but will not preclude the complainant from bringing a civil action under G. L. c. 151B, § 9, against the person or entity that committed the alleged discrimination. Chapter 151B thus provides for a

reasonably adequate remedy."  Grandoit, 95 Mass. App. Ct. at 608.

> The orders dated February 11, 2022, and the judgments of dismissal are affirmed.
>
> By the Court (Sullivan, Desmond & Singh, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  May 18, 2023.

---

[3] The panelists are listed in order of seniority.

4