CADILLAC LOUNGE, LLC

v.

The CITY OF PROVIDENCE et al.

No. 2005–224–M.P.

Supreme Court of Rhode Island.

Jan. 19, 2007.

Kris Macaruso Marotti, Esq., Warwick, for Plaintiff.

Kevin F. McHugh, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., and GOLDBERG, SUTTELL, and ROBINSON, JJ.

## OPINION

ROBINSON, Justice for the Court.

This case came before the Supreme Court for oral argument on December 5, 2006, pursuant to a petition for writ of certiorari filed by Cadillac Lounge, LLC (Cadillac Lounge or petitioner). In its petition, Cadillac Lounge sought review by this Court of a decision of the Providence Board of Licenses (the Board) dated July 29, 2005, in which Cadillac Lounge was fined a total of $2,500 for having violated on two separate occasions the provisions of Providence Ordinance 14–1, which pertains to closing hours, license fees, and regulations concerning commercial establishments.

For the reasons stated herein, we vacate the fine imposed by the Board, and we direct the assessment of a fine in the total amount of $1,000.

## Facts and Travel

The petitioner is a Rhode Island limited liability corporation that operates an "adult entertainment" establishment in the City of Providence.

On April 2, 2004, the Board held a hearing concerning, *inter alia*, the hour at which petitioner was required to cease presenting adult entertainment. In a letter dated April 2, 2004, the Board communicated its decision to petitioner, explicitly stating that Cadillac Lounge was to "cease entertainment at 1:00 A.M.," and cited Providence Ordinance 14–1 as the basis for the decision.

On August 17, 2004, Richard Shappy, the General Manager of Cadillac Lounge, sent a letter to the Board requesting permission to remain open for business until 2 a.m. on Friday and Saturday nights. The Chairman of the Board responded in a letter dated August 24, 2004, in which he denied Mr. Shappy's request.

Thereafter, at approximately 1:30 a.m. on June 11, 2005, Detective Joseph Amoroso of the License Bureau of the Providence Police Department entered Cadillac Lounge, at which time he witnessed adult entertainment taking place. At approximately 1:40 a.m. on June 12, 2005, Detective Charles Matracia, who was also from the License Bureau of the Providence Police Department, made a routine inspection of Cadillac Lounge. He too witnessed adult entertainment taking place at that time. On June 13, 2005, the Providence Police Chief sent a letter to the Board requesting that "the license holder of the Cadillac Lounge be brought before the Board for violation of City Ordinance Section 14–1(a)–Closing Hours."

On June 16, 2005, the Board sent a letter to Cadillac Lounge advising it to appear and show cause why its adult entertainment, food dispenser, and Sunday sales licenses should not be suspended or revoked as a result of its alleged violation of Providence Ordinance 14–1 on June 11 and June 12, 2005. On July 1, 2005, Cadillac Lounge was served with a cease-and-desist order from the Board, which ordered it to "cease entertainment at 1:00 a.m. as prescribed by City Ordinance 14–1."

On July 20, 2005, a hearing concerning the alleged violations was held. On July 29, 2005, the Board rendered a decision, in which it found that Cadillac Lounge had violated Providence Ordinance 14–1 by conducting entertainment after 1 a.m. on the aforementioned two dates. The Board imposed a $2,500 fine for those violations, which fine was to be paid in ten days.

On August 10, 2005, Cadillac Lounge filed a petition for writ of certiorari, in which it sought review of the Board's decision to impose a fine of $2,500; it also sought a stay of that decision pending the

outcome of its petition. In its petition for writ of certiorari and in its supporting memorandum, petitioner asserted that the Board had abused its discretion in imposing a fine in the amount of $2,500 for the violations of Providence Ordinance 14–1 on June 11 and June 12, 2005. In support of that contention, petitioner argued that the amount of the fine that had been imposed could not be reconciled with the provisions of G.L.1956 § 5–22–3, which pertains to city and town regulation of closing times for shops, saloons, and places of evening resort.[1] Significantly, Cadillac Lounge's petition for writ of certiorari did not contain any assertions of error with respect to the Board's substantive finding that petitioner had violated Providence Ordinance 14–1.

In an order dated August 12, 2005, petitioner's request for a stay of the Board's decision was granted, and the petition for writ of certiorari was assigned to the August 19, 2005 conference calendar for consideration by this Court. On August 19, 2005, the petition for writ of certiorari was granted, and the stay that had been issued was continued pending the outcome of this proceeding.

Despite the fact that the petition for writ of certiorari did not contest the Board's substantive finding of violations of Providence Ordinance 14–1, in its brief to this Court after the writ was granted petitioner did assert that said finding was error. The petitioner now contends that the Board abused its discretion both in finding that Cadillac Lounge had violated the ordinance and in imposing a fine of $2,500.

**1.** General Laws 1956 § 5–22–3 provides in pertinent part:
 "Town and city councils may pass any ordinances, bylaws, and regulations, not inconsistent with law, that they may think

### Standard of Review

 As this Court has often stated, "[o]ur review on a writ of certiorari is restricted to an examination of the record to determine whether any competent evidence supports the decision and whether the decision maker made any errors of law in that ruling." *Asadoorian v. Warwick School Committee,* 691 A.2d 573, 577 (R.I. 1997); *see also Cadillac Lounge, LLC v. City of Providence,* 763 A.2d 993, 995 (R.I. 2001). In addition, when we are proceeding pursuant to our certiorari jurisdiction, it is our practice not to address claims that were not included in a petitioner's original petition for writ of certiorari. *See Bergquist v. Cesario,* 844 A.2d 100, 104 (R.I.2004).

 In reviewing licensing board decisions, this Court examines "whether such boards * * * have exceeded their jurisdiction in reaching [their] decision." *Cadillac Lounge, LLC,* 763 A.2d at 995 (internal quotation marks omitted). This Court will review the action of a licensing board to determine whether it has exceeded its jurisdiction by examining the evidence to ascertain whether there is legal evidence to support that action. *Id.*

### Analysis

 In its brief to this Court, petitioner first contends that the Board exceeded its jurisdiction in finding that Cadillac Lounge had violated Providence Ordinance 14–1 since, according to petitioner, said ordinance addresses closing hours and not the hours at which adult entertainment can be presented. As we have previously indicated, however, petitioner chose not to include such an argument in its initial peti-

proper, in relation to the time of closing shops, saloons, and other places of resort in the evening, * * * and may prescribe penalties for their violation, not exceeding twenty dollars ($20.00) for each offense."

tion for writ of certiorari, and that omission precludes our review of that issue. *See Bergquist,* 844 A.2d at 104.

■ The petitioner next contends that the Board exceeded its jurisdiction by penalizing Cadillac Lounge with what petitioner characterizes as an excessive monetary fine of $2,500. Relying on § 5–22–3, petitioner asserts that the maximum fine allowable for each violation of the closing hour ordinance is $20. With laudable candor, respondents agree that the $2,500 fine imposed by the Board was in excess of the statutorily permitted amount. According to respondents, however, G.L.1956 § 45–2–23 is the controlling statute—not § 5–22–3 as petitioner contends. The respondents contend that § 45–2–23 expressly allows for the imposition of a fine of up to $500 for each violation. We agree with this contention.

Section 45–2–23 provides:

"**City of Providence—Bureau of Licenses.**—Notwithstanding the provisions of § 45–6–2 *or any other general or special law to the contrary,* the bureau of licenses of the city of Providence is authorized to impose a fine not to exceed five hundred dollars ($500) upon any person, firm, or corporation which holds a license issued by the bureau for the violation of any law, ordinance, condition, rule, or regulation applicable to the license." (Emphasis added.)

Pursuant to the plain language of the statute, the Board was authorized to impose a fine of up to $500 for each violation of Providence Ordinance 14–1. The inclusion of the phrase "[n]otwithstanding * * * any other general or special law to the contrary" clearly expresses the General Assembly's intent to have § 45–2–23 control the imposition of fines in situations such as this one. Accordingly, we hold that the maximum fine allowable for each violation of Providence Ordinance 14–1 is $500 and

that the Board exceeded its jurisdiction by imposing a fine of $2,500.

■ In view of the fact that there is an adequate record before us, and in the interest of judicial and administrative economy, we need not remand this case to the Board for further proceedings. Rather, we shall rely upon our inherent power and simply direct that a fine in the amount of $500 for each of the two violations be assessed. *See Tanner v. Town Council of East Greenwich,* 880 A.2d 784, 801 (R.I. 2005).

### Conclusion

For the foregoing reasons, we vacate the $2,500 fine imposed for the two violations, and we direct the assessment of a fine in the total amount of $1,000. The file may be remanded to the Board.

Justice FLAHERTY did not participate.