**Arnold L. SHORROCK**

v.

**Jonathan SCOTT.**

**No. 2007–232–Appeal.**

Supreme Court of Rhode Island.

April 17, 2008.

Dennis J. Tente, Esq., for Plaintiff.

Jonathan Scott, Defendant pro se.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on March 5, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Accordingly, we shall decide the appeal without further briefing or argument.

The defendant, Jonathan Scott (defendant or Scott), appeals *pro se* from a Superior Court judgment in favor of the plaintiff, Arnold L. Shorrock (plaintiff or Shorrock), in an action for breach of contract. Judgment was entered for plaintiff on May 1, 2007, for $14,154, plus interest and plaintiff's costs. The defendant filed a notice of appeal on April 30, 2007.[1]

The record indicates that the parties, who were personal friends, borrowed money from each other over a span of many years. According to the testimony, on October 14, 2000, plaintiff loaned $16,753 to defendant, who promised to repay this loan as well as all his outstanding debts to plaintiff by March 1, 2001. This promise was memorialized as follows:

"I, Jonathan Scott Acknowledge that I have on this day borrowed the sum of 19,454.00 nineteen thousand four hundred fifty four to be repaid with Sovereign Bank check number 261 to Arnold Shorrock of Foxboro Massachusetts by March 1, 2001. Signed, /s/ Jonathan M. Scott."

Attached to this memorandum was a $19,454 check from plaintiff, drawn on Sovereign Bank and made payable to Shorrock. The defendant failed to honor this promise.

**1.** This Court will treat a premature appeal as if it had been timely filed. *State v. Hesford,* 900 A.2d 1194, 1197 n. 3 (R.I.2006).

On January 21, 2003, plaintiff filed this action seeking $30,000 in compensatory damages, plus interest, costs, and attorney's fees. The defendant counterclaimed for the value of personal property that he alleged was given in satisfaction of the debt, plus his costs of defense. Additionally, defendant alleged fraudulent and intentional misrepresentation, that he repaid the loan by giving plaintiff $4,000 in cash and certain personal collectibles, and that all debts were settled by July 2001. The defendant also raised the defenses of unjust enrichment and judicial estoppel.

Three witnesses testified at trial: plaintiff, defendant, and a handwriting expert, Marc J. Seifer, Ph.D., who was called by Shorrock and testified that defendant's signature on the promissory note was genuine and that defendant was the author of an addendum that set forth the interest owed on the loan. Although plaintiff acknowledged at trial that defendant had given him some of the so-called collectibles, he insisted that these items were gifts and not given in lieu of payment.

After a bench trial, the trial justice issued a written decision in which she made findings of fact and credibility determinations. The trial justice found that the parties did not agree to an accord and satisfaction of the contract and that defendant breached the contract by failing to repay the debt. The trial justice awarded damages to plaintiff, but she declined to award him attorney's fees.

The trial justice next considered defendant's allegation of unjust enrichment, and she found that plaintiff accepted the cash and property as partial repayment of the loan and therefore reduced his recovery by $5,300. The trial justice also addressed the defense of judicial estoppel and whether plaintiff's failure to disclose the existence of the debt at issue in this case in a court filing in connection with his Massachusetts divorce proceedings should bar his recovery. She found that there was no documentary proof to support judicial estoppel and that plaintiff's testimony that he and his ex-wife had reached separate agreements on financial issues was credible. Finally, the trial justice denied defendant's counterclaim for fraud, finding that defendant failed to establish a *prima facie* case of fraud.

On appeal, Scott contends that the loan was repaid, and he argues that the trial justice should have decided this case based on "the [d]octrines of [j]udicial [e]stoppel, [a]ccord and [s]atisfaction, and [e]stoppel by representation * * *." He also alleges that he was not permitted to give direct testimony of his version of the facts in this case. The defendant requests that we dismiss the complaint or order a new trial.

■ This Court affords great deference to the findings of fact of a trial justice sitting without a jury, and those findings will not be overturned unless the record discloses that the trial justice misconceived or overlooked material evidence or otherwise clearly was wrong. *Jalex Builders, Inc. v. Monaghan,* 840 A.2d 1142, 1144 (R.I.2004).

■ We first address Scott's contention that he was not afforded an opportunity to give direct testimony in his defense. The record indicates that when the trial justice asked Scott whether he rested, he responded, "I just have one question for the plaintiff." After briefly questioning Shorrock, Scott proceeded to argue his case. The defendant never attempted to present the evidence that he now wants this Court to consider, despite being provided with an opportunity to do so at trial.

■ Although we recognize that litigants appearing in our courts have the right to represent themselves, this guarantee does not mean that the procedural

protections due *both* parties in a contested case will be disregarded, nor will we overlook a litigants failure to prove his or her case simply because the party elected to proceed *pro se. See Berard v. Ryder Student Transportation Services, Inc.,* 767 A.2d 81, 84 (R.I.2001) (determining that, even for *pro se* litigants, " 'the courts of this state cannot and will not entirely overlook established rules of procedure' ").

█ Moreover, defendant has failed to provide us with a complete transcript of the trial proceedings that would enable us to evaluate the challenged rulings. It was defendant's responsibility to provide those portions of the trial transcript that are necessary for this Court to perform a meaningful review. We consistently have declared that "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *731 Airport Associates, LP v. H & M Realty Associates, LLC,* 799 A.2d 279, 282 (R.I. 2002). "Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." *Id.* Because defendant has not provided this Court with a complete record, we are unable to evaluate his contention that the trial justice clearly erred or ignored material evidence. Our review of defendant's contention that he satisfied his debt with cash and collectibles is limited to the trial justice's findings, and therefore, his appeal must fail.

█ Finally, Scott argues that judicial estoppel should prevent the trial justices decision from being upheld. We recently elaborated upon this doctrine and determined that it was "an equitable doctrine invoked by a court at its discretion." *Gaumond v. Trinity Repertory Co.,* 909 A.2d 512, 519 (R.I.2006) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). "Ordinarily, the application of estoppel is an extraordinary form of relief, that 'will not be applied unless the equities clearly [are] balanced in favor of the part[y] seeking relief.' " *Id.* (quoting *Southex Exhibitions, Inc. v. Rhode Island Builders Association, Inc.,* 279 F.3d 94, 104 (1st Cir. 2002) (applying Rhode Island law)).

█ The defendant's argument in favor of judicial estoppel is unpersuasive. The trial justice addressed the elements of the judicial estoppel concept and applied them diligently to the present case. She weighed the credibility of the witnesses and the weight of the evidence and found the plaintiff to be credible. Moreover, the trial justice found, and we concur, that the record does not demonstrate adequate proof to substantiate this defense. Accordingly, we reject this argument.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we return the papers in this case.