Supreme Court
No. 2011-336-Appeal.

Victoria Rodriguez et al.          :

v.          :

John Virgilio.          :

**ORDER**

The defendant, John Virgilio, appeals from a default judgment entered against him after he failed to appear for trial in the Superior Court. This case came before the Supreme Court for oral argument on October 31, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

It is undisputed that defendant and plaintiff, Victoria Rodriguez, entered into a one-year lease agreement, under which he was the landlord and she was the tenant for a rental unit at 16 Dresser Street in Providence. Victoria and her daughter Yris Rodriguez (collectively plaintiffs) vacated the apartment at the end of the lease. However, several disputes arose and plaintiffs filed suit in the Sixth Division District Court seeking reimbursement for an $800 security deposit, paint and brushes, blinds, a toilet seat and handles, rat poison and a grill. The defendant denied that he owed plaintiffs any money, and he asserted a counterclaim for $200. That amount represented the difference between the $1,000 in damages that defendant alleged plaintiffs

caused to his property when they haphazardly painted it and the $800 security deposit, which he retained.

The plaintiffs claimed that they were entitled to a return of their security deposit because defendant gave them permission to paint the rental unit. The defendant asserted that no such permission was given, and he further maintained that he was required to repaint the apartment because of the careless manner in which plaintiffs had painted it. Additionally, plaintiffs asserted that defendant gave away their grill, while defendant maintained that plaintiffs abandoned it, along with other trash, when they vacated the unit. The plaintiffs also alleged that they were forced to address a rodent problem at their own expense because defendant failed to remedy the situation. The defendant responded by saying that he had hired a pest-control service. Finally, defendant maintained that plaintiff was not entitled to reimbursement for brushes, blinds or bathroom fixtures under the Rhode Island General Laws or under the lease agreement.

After trial in the District Court, judgment was entered for plaintiffs and against defendant. The defendant then appealed that judgment to the Superior Court for a trial de novo. That court set the matter down for trial on August 29, 2011. However, defendant failed to appear, and judgment again was entered against him. The defendant timely appealed to this Court.

On appeal, defendant argues that he was unable to travel to the courthouse on the day that his case was to be heard in the Superior Court because a tree fell during hurricane Irene, blocking his driveway. Additionally, defendant argues that the sole reason judgment was entered against him in the District Court was because he was unable to prove that he sent a letter to plaintiffs, listing the repairs that he made to the apartment that exhausted their security deposit. He

contends that he can prove that this letter was sent, and he has asked this Court to vacate the default judgment of the Superior Court.[1]

This Court has held that "whenever relief from default has been requested * * * it 'is addressed to the judicial discretion of the justice having jurisdiction over the matter and his ruling will not be disturbed by this [C]ourt, absent a showing of abuse of discretion or an error of law.'" Providence Gas Co. v. Biltmore Hotel Operating Co., 119 R.I. 108, 112, 376 A.2d 334, 336 (1977) (quoting Bloom v. Trudeau, 107 R.I. 303, 305, 266 A.2d 417, 418 (1970)).[2]

In the case before us, the defendant has failed to overcome his burden of demonstrating that the trial justice abused his discretion or committed an error of law. The arguments set forth by the defendant are insufficient to satisfy the deferential standard employed by this Court when we review a request for relief from default judgment. See Providence Gas Co., 119 R.I. at 112, 376 A.2d at 336. The defendant had his day in court at the District Court trial, and he also took advantage of his right to appeal that decision to the Superior Court. The defendant has failed to demonstrate that there was an abuse of discretion or an error of law committed in the Superior Court. Accordingly, we decline the defendant's request to vacate the judgment against him.[3]

For the reasons set forth above, the judgment of the Superior Court is affirmed and the record may be remanded thereto.

---

[1] Additionally, defendant seeks damages of $1,000 for harm caused to his credit as a result of that judgment being entered against him.

[2] The defendant did not file a motion in the trial court seeking to vacate the default judgment pursuant to Rule 60 of the Superior Court Rules of Civil Procedure.

[3] The defendant's counterclaim concerning damage to his credit is being raised for the first time on appeal. Because of this Court's strict adherence to the raise-or-waive rule, this claim is deemed waived and is not properly before us. See State v. Bido, 941 A.2d 822, 828-29 (R.I. 2008) ("It is well settled that a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court." citing Hydro–Manufacturing, Inc. v. Kayser–Roth Corp., 640 A.2d 950, 959 (R.I. 1994)). Therefore, we shall not address it.

Entered as an Order of this Court this 6th day of December, 2012.

By Order,

_____/s/_____
Clerk


**TITLE OF CASE:**   Victoria Rodriguez et al. v. John Virgilio.

**CASE NO:**   No. 2011-336-Appeal
(PD 08-5726)

**COURT:**   Supreme Court

**DATE ORDER FILED:**   December 6, 2012

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   N/A – Court Order

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Walter R. Stone

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Victoria Rodriguez, Pro Se

For Defendant:   John Virgilio, Pro Se