**Supreme Court**
No. 2017-181-Appeal.

Sean Marchionte        :

v.              :

Francisco Jaramillo.     :

**O R D E R**

The defendant, Francisco Jaramillo (Jaramillo or defendant), appeals from a Superior Court judgment entered in favor of the plaintiff, Sean Marchionte (Marchionte or plaintiff). In his complaint, Marchionte alleged that on January 8, 2007, he gave Jaramillo $115,000 in exchange for a promissory note secured by a mortgage on four properties. After the promissory note's maturity date lapsed and Jaramillo failed to make payments, Marchionte issued to Jaramillo a deficiency notice and demand for payment of the promissory note's outstanding amount. Jaramillo failed to pay the amount due, and Marchionte foreclosed on one of the mortgaged properties. He applied the proceeds from the foreclosure sale toward the promissory note's outstanding amount and issued a second deficiency notice and demand to Jaramillo for payment of the promissory note's outstanding amount. Jaramillo failed to pay the balance, and thereafter, on September 6, 2016, Marchionte initiated the action against Jaramillo in Superior Court for Jaramillo's alleged breach of the promissory note.

On October 3, 2016, Marchionte moved for the entry of default against Jaramillo pursuant to Rule 55(a) of the Superior Court Rules of Civil Procedure, for his "failure * * * to plead, answer or otherwise defend this action * * *." A clerk of the Superior Court entered default for Marchionte on October 6, 2016. Subsequently, Jaramillo moved to vacate the entry of default pursuant to Rule 55(c) and also moved for leave to file an answer out of time.

- 1 -

Marchionte objected to both motions and moved pursuant to Rule 55(b)(2) for the entry of a default judgment against Jaramillo. Jaramillo moved to withdraw his motion to vacate the entry of default; however, he nevertheless objected to Marchionte's motion for the entry of a default judgment because he challenged the amount sought by Marchionte.

On December 7, 2016, a hearing was held before a justice of the Superior Court. While we have not been provided with a transcript of the hearing, Marchionte, in his papers filed in Superior Court, summarized what occurred at the hearing. Marchionte claimed that Jaramillo's counsel stated that defendant no longer objected to the entry of default or to Marchionte's motion for the entry of a default judgment. Rather, Marchionte alleged that Jaramillo's counsel maintained that defendant solely challenged the amount of the judgment, and therefore withdrew defendant's motion to vacate the entry of default. By Marchionte's account, the parties agreed to a continuance to allow for settlement discussions. Marchionte claimed, however, that Jaramillo's counsel later expressed that he was no longer interested in settling. Marchionte moved for an award of attorneys' fees for Jaramillo's counsel's "frivolous filings and conduct."

By orders entered on February 1, 2017, the hearing justice granted plaintiff's motions for the entry of a default judgment and for attorneys' fees. On April 6, 2017, judgment was entered for plaintiff in the amount of $63,098.55 plus statutory interest. Jaramillo, *pro se*, filed a timely notice of appeal.

On appeal, Jaramillo asserts that the hearing justice erred in entering judgment against him. Specifically, Jaramillo succinctly maintains that the hearing justice erred in finding that he did not answer or otherwise defend the action and "improperly interpreted the law regarding his [m]otion to [v]acate the [d]efault [j]udgment * * *." In response, Marchionte asserts that Jaramillo's prebriefing statement submitted to this Court pursuant to Article I, Rule 12A of the

Supreme Court Rules of Appellate Procedure "contains absolutely no substantive legal or factual arguments in support of his bare conclusory assertions * * *."

Rule 55(a) provides that default shall enter against a party "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * *." "After default is entered, judgment by default may be entered pursuant to Rule 55(b)." *R.C. Associates v. Centex General Contractors, Inc.*, 810 A.2d 242, 244 (R.I. 2002) (quoting *McKinney & Nazareth, P.C. v. Jarmoszko*, 774 A.2d 33, 37 (R.I. 2001)). Pursuant to Rule 55(c), the Superior Court can set aside the entry of default "[f]or good cause shown[,]" and, if a default judgment has been entered, a party can seek relief from the judgment pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure.

At the outset, we note that there was no purported motion to vacate the default judgment, as Jaramillo contends. Below, Jaramillo withdrew his motion to vacate the entry of default and the docket reflects that his motion was indeed withdrawn. Following the entry of a default judgment, Jaramillo did not seek relief from that judgment pursuant to Rule 60(b). Therefore, the issue before us for review is solely the entry of a default judgment.

In an appeal seeking relief from a default judgment, it is the appellant's burden to show "that the trial justice abused his [or her] discretion or committed an error of law." *Rodriguez v. Virgilio*, 58 A.3d 914, 915 (R.I. 2012) (mem.). However, we are unable to review the entry of a default judgment because we have not been provided with a transcript of the proceedings below. "It was defendant's responsibility to provide those portions of the * * * transcript that are necessary for this Court to perform a meaningful review." *Shorrock v. Scott*, 944 A.2d 861, 864 (R.I. 2008). Without the benefit of the transcripts from the hearings below, we have nothing with which to review the entry of default and the resulting default judgment.

- 3 -

Further, Jaramillo's prebriefing statement to this Court does little to assist our review. Rule 12A requires an appellant to "file a statement of the case and a summary of the issues proposed to be argued * * *." We have consistently held that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017) (mem.)). Although we are mindful that Jaramillo is proceeding with his appeal without counsel and that "[p]*ro se* litigants are often granted greater latitude by the court," his status as an unrepresented litigant does not give him "greater rights than those represented by counsel." *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005) (quoting *Gray v. Stillman White Co., Inc.*, 522 A.2d 737, 741 (R.I. 1987)). "[T]he courts of this state cannot and will not entirely overlook established rules of procedure, adherence to which is necessary [so] that parties may know their rights, that the real issue in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch." *Id.* (quoting *Gray*, 522 A.2d at 741).

Here, in his one-page prebriefing statement to this Court, Jaramillo has failed to set forth specific facts and law to support his claim that the hearing justice erred in entering a default judgment against him. Further, Jaramillo failed to appear before this Court for the April 12, 2018 hearing, during which he would have had the opportunity to address these concerns. Given the scant record before us to review the hearing justice's decision to enter a default judgment, a prebriefing statement that fails to develop and examine the issues raised on appeal, and Jaramillo's failure to appear before this Court for oral argument, we conclude that "[t]he arguments set forth by the defendant are insufficient to satisfy the deferential standard employed

- 4 -

by this Court when we review a request for relief from default judgment." *Rodriguez*, 58 A.3d at 915.

For the reasons stated herein, we affirm the judgment of the Superior Court and remand the papers thereto.

Entered as an Order of this Court this   2nd   day of  May, 2018.

By Order,

_____ /s/ _____

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| Title of Case | Sean Marchionte v. Francisco Jaramillo. | |
|---|---|---|
| Case Number | No. 2017-181-Appeal.<br>(PC 16-4204) | |
| Date Order Filed | May 2, 2018 | |
| Justices | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| Source of Appeal | Providence County Superior Court | |
| Judicial Officer From Lower Court | Associate Justice Maureen B. Keough | |
| Attorney(s) on Appeal | For Plaintiff:<br><br>John O. Mancini, Esq.<br>Michael L. Mineau, Esq. | |
| | For Defendant:<br><br>Francisco Jaramillo, Pro Se | |