April 30, 2019

**Supreme Court**

No. 2013-174-Appeal.
No. 2017-394-Appeal.
(PP 05-2723)

In re Estate of Elizabeth Brown, a/k/a Letizia   :
       I. Brown.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2013-174-Appeal.
No. 2017-394-Appeal.
(PP 05-2723)

In re Estate of Elizabeth Brown, a/k/a Letizia   :
           I. Brown.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**PER CURIAM.**  The appellant, Mary Ryan, appeals *pro se* from an April 26, 2013 final judgment of the Providence County Superior Court and a June 5, 2013 order of the same court. The April 26, 2013 judgment denied and dismissed Ms. Ryan's probate appeal and prohibited Ms. Ryan, with significant exceptions, from "filing pleadings or other documents" in Superior Court unless they had been signed by a licensed attorney.  The June 5, 2013 order denied Ms. Ryan's motions to vacate that were filed pursuant to either Rule 59 or Rule 60 of the Superior Court Rules of Civil Procedure.  Ms. Ryan also raises the issue of the attorneys' fees awarded to opposing counsel in an April 22, 2013 order of the Superior Court.  Ms. Ryan makes numerous contentions of error on appeal.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that these appeals may be decided at this time.

- 1 -

For the reasons set forth in this opinion, we remand with directions to modify the April 22, 2013 attorneys' fees order in accordance with this opinion, we affirm in part and vacate in part the April 26, 2013 judgment, and we affirm the June 5, 2013 order of the Superior Court.

# I

## Facts and Travel

Given the fact that we reach the ultimate conclusion that Ms. Ryan's failure to provide this Court with the necessary transcripts dooms many of her appellate contentions, we shall provide only those minimal facts necessary to address Ms. Ryan's contentions.[1] In relating what transpired in the Burrillville Probate Court and in Ms. Ryan's probate appeal to the Superior Court, we rely primarily on the trial justice's August 2, 2012 bench decision.

Ms. Ryan's case began some fourteen years ago in Probate Court, where there was a dispute with respect to a guardianship for Ms. Ryan's aunt, Elizabeth Brown, and, ultimately, a dispute over Ms. Brown's estate after she passed away. Ms. Ryan eventually appealed to Superior Court from an April 27, 2005 denial by the Probate Court of: (1) her motion for sanctions against opposing counsel;[2] and (2) her motion to waive the requirement of a filing of a corporate surety bond, which the court had imposed as a condition of her becoming administratrix of the estate. A bench trial on Ms. Ryan's probate appeal took place in Superior Court commencing on July 23, 2012 and ending on July 27, 2012. Ms. Ryan has opted not to

---

[1] The Court notes that a veritable torrent of motions has been filed in this action, virtually all of them by Ms. Ryan. We need not, and therefore shall not, detail those motions that are not germane to our resolution of this appeal.

[2] This Court notes that the identity of opposing counsel has remained the same throughout the Probate Court, Superior Court, and Supreme Court stages of the case. The record contains absolutely no indication that said counsel has ever acted in this burdensome case in a less than commendably professional and ethical manner.

provide us with the transcripts of that trial. On August 2, 2012, the trial justice issued a bench decision with respect to the probate appeal.

In that bench decision, the trial justice stated that Ms. Ryan had requested the court to authorize William Rose, a family member of Ms. Ryan's and an intervenor in the Superior Court action, "to stand as surety for Ms. Ryan's conduct as administratrix and to eliminate the requirement of corporate surety as required by the Probate Court." In the words of the trial justice, Ms. Ryan was also appealing the Probate Court's "refusal to order sanctions against [opposing counsel] for allegedly bringing a frivolous guardianship proceeding" with respect to Ms. Brown before she passed away. The trial justice proceeded to make factual and credibility findings. The trial justice held, just as the Probate Court had held, that she would not sanction opposing counsel for his role in the guardianship proceedings involving Ms. Brown before her death. She also questioned Ms. Ryan's standing to bring such a motion for sanctions. The trial justice proceeded to expressly hold that "the evidence in this case clearly demonstrates that corporate surety not only is advisable but it is absolutely necessary." She further noted that G.L. 1956 § 33-17-1.2 gives the Probate Court the discretion to require corporate surety and that there are numerous factors to be considered in making such a determination. Finally, the trial justice noted that Ms. Ryan had "failed to prove by a fair preponderance of the evidence that her surety or that of Mr. Rose would be sufficient."

At the conclusion of that bench decision, the trial justice noted that opposing counsel had orally moved at the end of the trial for sanctions. She found that opposing counsel's motion had merit. As such, she instructed Ms. Ryan and Mr. Rose to "show cause why they should not be sanctioned pursuant to Rule 11 [of the Superior Court Rules of Civil Procedure] and General Laws [1956 §] 9-29-1" and why the trial justice "should not order them to pay the reasonable

expense of [opposing counsel's] defense of himself and [his client]." An order memorializing the bench decision thereafter entered on August 3, 2012.

On October 4, 2012, opposing counsel filed a "motion for approval of attorneys' fees and expenses" seeking attorneys' fees from Ms. Ryan and detailing in an affidavit and documentation attached thereto data as to his time spent working on the above-referenced defense, his hourly billing rate, and the like. Ms. Ryan objected to that motion.

On October 18, 2012, Ms. Ryan filed a motion to vacate and correct the record (the first motion to vacate) seeking to vacate (presumably pursuant to Rule 60 of the Superior Court Rules of Civil Procedure) an order that had entered in the case on December 15, 2005. That December 15, 2005 order did the following: (1) it denied Ms. Ryan's motion for "[c]onditional [i]mmunity;" (2) it denied Ms. Ryan's motion to assign; (3) it denied Ms. Ryan's motion for sanctions; (4) it denied Ms. Ryan's motion to compel/enforce subpoena of the deposition of opposing counsel; (5) it denied Ms. Ryan's motion to amend and supplement reasons of appeal; (6) it denied opposing counsel's motion for a protective order; and (7) it denied opposing counsel's motion for sanctions. In her memorandum in support of her motion, she also sought relief with respect to an order from 2006 that she had presented for the signature of a justice of the Superior Court (who was not the trial justice) but which that justice never signed. On January 25, 2013, after hearing argument on Ms. Ryan's October 18, 2012 motion to vacate, the trial justice denied the motion in a bench decision. She stated that Ms. Ryan had failed to pursue her remedies with respect to those orders given that "[s]he had years; years to submit the[ ] orders and get * * * things straightened out." The trial justice further noted that trial had already taken place and a decision had been rendered so no useful purpose would be served in vacating a December 15, 2005 pre-trial order.

In the meantime, on November 2, 2012, Ms. Ryan had filed a motion to vacate the Superior Court's order of August 3, 2012 denying her probate appeal (the second motion to vacate), which motion Ms. Ryan amended on November 5, 2012, on the grounds that: (1) there was new evidence; (2) the Superior Court "overlooked evidence and misconceived information;" and (3) the order was violative of her due process rights and was unjust.[3] It is unclear from the record whether Ms. Ryan intended that November 2, 2012 motion to be filed pursuant to Rule 59 or Rule 60 of the Superior Court Rules of Civil Procedure, but that fact has no bearing on the disposition of this appeal. The trial justice conducted a hearing on that motion, along with the first motion to vacate, on January 25, 2013, and she rendered a bench decision denying the motion on January 28, 2013. An order entered on June 5, 2013, denying both of Ms. Ryan's motions to vacate. Ms. Ryan timely appealed from that order.

While those motions were pending, on November 2, 2012, Ms. Ryan also filed a motion to disqualify the trial justice. The trial justice conducted hearings on that motion on November 14 and 21, 2012 and December 11, 2012. On January 4, 2013, the trial justice denied Ms. Ryan's motion in a bench decision.

Subsequently, on April 22, 2013, an amended order entered (the original February 5, 2013 order previously having been vacated) approving opposing counsel's October 4, 2012 request for attorneys' fees and awarding him fees in the amount of $7,875. In that amended order, it is represented that a hearing took place on the matter of attorneys' fees on February 1, 2013. Ms. Ryan has opted not to provide us with the complete transcript of that hearing.

---

[3] It appears from the record that Ms. Ryan filed at least two motions to amend her motion to vacate. It is not immediately apparent from the docket whether or not both of those motions were granted. However, for the purposes of our review, that is of no moment.

Subsequently, on March 4, 2013, Ms. Ryan filed her objection to Rule 11 sanctions, in response to the court's original August 3, 2012 order directing her to show cause why she should not be sanctioned and held liable for "reasonable costs" in the case. Ultimately, an order imposing sanctions entered against Ms. Ryan on April 26, 2013, prohibiting her "from filing pleadings or other documents in the State of Rhode Island Superior Court unless they have been signed, pursuant to Rule 11 of the Superior Court Rules of Civil Procedure, by a licensed attorney, admitted to practice in Rhode Island[.]" The order also provided significant exceptions to that prohibition, stating:

> "a. Ms. Ryan may apply to Presiding Justice of the Superior Court, in writing and with notice to all interested parties, for leave to proceed in a self-represented capacity and to sign and file pleadings and other documents on her own behalf;
> "b. Ms. Ryan is permitted to proceed in a self-represented capacity and to sign and file pleadings and other documents on her own behalf in connection with an appeal of any order or final judgment entered in this case;
> "c. Ms. Ryan is permitted to proceed in a self-represented capacity and to sign and file pleadings and other documents on her own behalf in any legal action in which she is a named defendant or is permitted by the Presiding Justice of the Superior Court, upon written motion with notice to all parties and hearing, to intervene as a party defendant and to act in a self-represented capacity;
> "d. Ms. Ryan is permitted to proceed in a self-represented capacity and to sign and file pleadings and other documents on her own behalf in any presently pending legal action in which she has, previous to the date of this Order, filed a written entry of her appearance on her own behalf and in a self-represented capacity[.]"

The order further provided that a copy of the order and the final judgment in the case "shall be provided to the Presiding Justice" so that she could "disseminate them to the justices and clerks of [the Superior Court] as [the Presiding Justice], in her discretion, may deem necessary or appropriate." The April 26, 2013 order further represented that the court had held hearings on the issue of sanctions against Ms. Ryan "on various dates including April 22, 2013[.]" What is

more, the record and that order reflect that the trial justice rendered a bench decision on April 26, 2013. Ms. Ryan has opted not to provide us with the transcripts of those hearings or of the bench decision.

On April 26, 2013, final judgment also entered in the case. That judgment denied and dismissed Ms. Ryan's probate appeal and reiterated the above-quoted prohibition (with its exhaustive series of exceptions) with respect to Ms. Ryan's future right to file documents on a *pro se* basis in the Superior Court. Ms. Ryan filed a timely appeal from the final judgment.

## II

### Issues Raised on Appeal

Ms. Ryan appeals from the April 26, 2013 final judgment denying her probate appeal and issuing a prohibition limiting her ability to submit *pro se* filings in the Superior Court. Ms. Ryan claims that the trial justice erred in denying her probate appeal on the ground that she lacked standing to have brought a motion for sanctions against opposing counsel in Probate Court. She also alleges error by the trial justice in not accepting a surety bond from Mr. Rose. She further posits that the trial justice's order prohibiting her from submitting filings on a *pro se* basis in the Superior Court violated her constitutional rights and did not adequately detail the specific conduct deemed to be violative of Rule 11.

Ms. Ryan also appeals from the June 5, 2013 order denying her motion to vacate a pre-trial order issued in 2005[4] (the first motion to vacate) and denying her separate motion to vacate both the August 2, 2012 bench decision and the August 3, 2012 order denying her probate appeal (the second motion to vacate). With respect to the first motion to vacate, she contends on appeal

---

[4] On appeal, Ms. Ryan represents that her first motion to vacate dealt with one signed pre-trial order and one proposed and unsigned pre-trial order, whereas the motion itself refers only to the signed pre-trial order, which Ms. Ryan refers to as a judgment.

that the Superior Court justice signed the 2005 order at issue in error. She further avers that the trial justice erred in finding that her motion to vacate with respect to that order was time-barred. With respect to the second motion to vacate, Ms. Ryan posits that the denial of that motion was done "arbitrarily;" in addition, she alleges numerous other errors.

In the course of appealing from those four separate rulings of the Superior Court, Ms. Ryan raises the following appellate contentions: (1) the trial justice "lacked jurisdiction to review a guardianship case;" (2) the trial justice violated the law of the case doctrine; (3) the trial justice "mischaracterized Mrs. Ryan's Probate Appeal, Mrs. Ryan's motions * * *, court proceedings, orders from other Judges and the facts of the case;" (4) the award of attorneys' fees to opposing counsel was in error; (5) Ms. Ryan was not given "proper notice" of court appearances or the opportunity to obtain and present evidence; (6) the trial justice violated her due process rights "when she proceeded to trial without having the proper parties established;" (7) the trial justice violated Ms. Ryan's due process rights when she denied Ms. Ryan's right to a jury trial; and (8) the trial justice was biased, thus denying Ms. Ryan a "fair and impartial trial."

Ms. Ryan specifically requests that this Court "vacate and reverse the R.I. Superior Court order imposing sanctions * * * [and] reinstate Mrs. Ryan's Constitutional Rights; vacate and reverse the Superior Court's Order awarding [opposing counsel] attorneys fees; vacate the Court's denial of Mrs. Ryan's Motion to Disqualify [the trial justice]; vacate and reverse the Superior Court's order dismissing Mrs. Ryan's Probate appeal; direct the Probate Court to accept Mr. Rose's Universal Surety Bond; change the venue of the Probate proceedings to the City of Providence; [and] take whatever measures this Court deems necessary in the interest of justice regarding [opposing counsel] * * *."

## III

### Standards of Review

As we have stated, "a probate appeal is *de novo* in nature[.]" *Lett v. Giuliano*, 35 A.3d 870, 876 (R.I. 2012). When reviewing a judgment in a nonjury case, we will reverse only if "it can be shown that the trial justice misapplied the law, misconceived or overlooked material evidence or made factual findings that were clearly wrong." *Ondis v. City of Woonsocket ex rel. Treasurer Touzin*, 934 A.2d 799, 802 (R.I. 2007) (internal quotation marks omitted); *see also Town of West Greenwich v. A. Cardi Realty Associates*, 786 A.2d 354, 357-58 (R.I. 2001). "[W]e are deferential to the trial justice's findings of fact and give them great weight" but "we will review pure questions of law * * * on a *de novo* basis." *Ondis*, 934 A.2d at 802.

With respect to imposing sanctions pursuant to Rule 11, a trial justice has broad "discretionary authority to formulate what he or she considers to be an appropriate sanction, but must do so in accordance with the articulated purpose of the rule: 'to deter repetition of the harm, and to remedy the harm caused.'" *Pleasant Management, LLC v. Carrasco*, 918 A.2d 213, 217 (R.I. 2007) (quoting *Michalopoulos v. C & D Restaurant, Inc.*, 847 A.2d 294, 300 (R.I. 2004)). This Court "will not reverse a trial justice's imposition of sanctions for a litigant's misconduct unless the trial court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted). What is more, "[t]he issue of whether there exists a *basis* for awarding attorneys' fees generally is legal in nature, and therefore our review of such a ruling is *de novo*." *Blue Cross & Blue Shield of Rhode Island v. Najarian*, 911 A.2d 706, 709 (R.I. 2006) (emphasis in original). "Only if it is determined that there is such a basis, then this Court will review a motion justice's actual award of attorneys' fees for an abuse of discretion." *Id.*

Finally, this Court employs an abuse of discretion standard of review with respect to motions to vacate filed pursuant to Rule 60(b). *Allen ex rel. Allen v. South County Hospital*, 945 A.2d 289, 293 (R.I. 2008).[5]

# IV

## Analysis

### A

#### The April 26, 2013 Final Judgment

We have stated that it is the appellant's "responsibility to provide those portions of the * * * transcript that are necessary for this Court to perform a meaningful review." *Marchionte v. Jaramillo*, 182 A.3d 1146, 1147 (R.I. 2018) (mem.) (internal quotation marks omitted). For that reason, "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *Shorrock v. Scott*, 944 A.2d 861, 864 (R.I. 2008) (internal quotation marks omitted). We have stated that "[u]nless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." *Id.* (internal quotation marks omitted).

Ms. Ryan has failed to provide this Court with the transcripts of the bench trial in Superior Court with respect to her probate appeal; she has provided us with nothing more than the transcript of the bench decision rendered after the trial. Accordingly, in view of the absence of essential transcripts, we are unable to meaningfully consider Ms. Ryan's numerous contentions of error with respect to the Superior Court's handling of her probate appeal.

---

[5] We need not explicitly detail the standard of review for a motion filed pursuant to Rule 59 of the Superior Court Rules of Civil Procedure due to the fact that the only motion to vacate that we are in a position to review on the basis of the record before us (*i.e.*, the first motion to vacate, *see* Part IV.C, *infra*) was filed pursuant to Rule 60.

Ms. Ryan has also failed to provide this Court with a transcript of the hearings and bench decision with respect to the trial justice's imposing severe (but not absolute) limitations on her ability to submit further filings in the Superior Court on a *pro se* basis. Given those lacunae in the record, all that is properly before the Court to review is the face of the April 26, 2013 final judgment sanctioning Ms. Ryan.

We note initially that we have "remarked that courts have limited resources and that relentless, frivolous filings constitute unreasonable demands on those resource[s]." *Laurence v. Rhode Island Department of Corrections*, 68 A.3d 543, 548 (R.I. 2013) (internal quotation marks omitted). Accordingly, a court "may place reasonable limits on the filings of litigants who abuse the judicial system" as long as such a sanction is "drawn narrowly" and supported by specific findings. *Id.* (internal quotation marks omitted). If a prohibition against future *pro se* litigation is "overly broad," it would "impermissibly infringe upon a litigator's right of access to the courts;" and, for that reason, "broad filing restrictions against *pro se* plaintiffs should be approached with particular caution." *Id.* at 548, 549 (internal quotation marks omitted).

Indeed, "[a]cross the board restrictions to court access should be issued only when abuse is so continuous and widespread as to suggest no reasonable alternative[.]" *Id.* (internal quotation marks omitted). Accordingly, "a court must develop a record showing such widespread abuse of the judicial system as to warrant such a broadcast prohibition." *Id.* at 548-49 (internal quotation marks omitted). The party to be sanctioned must also be given notice and an opportunity "to present evidence in opposition to the proposed sanction." *Id.* at 549 (internal quotation marks omitted).

In this Court's opinion in *Laurence*, we held that an order which was in essence a lifetime ban on *pro se* filings in Superior Court, without exceptions for criminal cases or cases

in which the plaintiff might be a defendant, was overly broad. *Id.* We further faulted the order at issue because it did not recite any findings of fact and because it was not clear that there had been notice and an opportunity to be heard in that case. *Id.* Similarly, in our opinion in *Cok v. Read*, 770 A.2d 441 (R.I. 2001), we vacated the decision of a Superior Court justice to enjoin the plaintiff from appearing *pro se* in any civil case for a year because the plaintiff was not given notice and an opportunity to be heard before being so sanctioned and because the record was not sufficiently developed to show the widespread abuse of the judicial system necessary to justify such a sanction. *Cok*, 770 A.2d at 442, 444.

In the instant case, Ms. Ryan claims, as an initial matter, that the April 26, 2013 judgment, on its face, does not properly allege the specific conduct that forms the basis of the sanctions in this case. But without the transcript of the bench decision we are unable to discern whether or not the trial justice discussed the specific conduct forming the basis of her decision. Nor do we have the benefit of the full record needed for us to ascertain whether or not the record was sufficiently developed to support a finding of widespread abuse of the judicial system by Ms. Ryan. As such, without the necessary transcripts, Ms. Ryan's contention with respect to the trial justice not providing the specific facts or developing a record must fail. *See Shorrock*, 944 A.2d at 864.

However, we are convinced, after reviewing the sanctions order, that it is indeed overly broad in duration, thus infringing on Ms. Ryan's "right of access to the courts." *Laurence*, 68 A.3d at 548 (internal quotation marks omitted). While we clearly have acknowledged that there are very limited circumstances where access to the courts can be restricted for a *pro se* party, we have been very circumspect in reviewing such a sanction. Indeed, we have stated that such a restriction must be "drawn narrowly." *Id.* (internal quotation marks omitted). The order

presently before us does not entirely meet that requirement. Notably, the order, even though it is clearly not the product of an immoderate or vindictive animus, is not limited in duration; in essence, Ms. Ryan is prohibited from submitting filings on a *pro se* basis in the Superior Court for an unlimited period of time. In view of the controlling precedent and the pertinent legal principles, we are unable to give our approval to such a temporally unlimited sanction after taking into account the facts of this case, as vexatious as many of those facts are.

We acknowledge that the order in question quite laudably contains four specific exceptions. However, the presence of these exceptions alone does not suffice to prevent the order from being overly broad.

Accordingly, it is clear to this Court that there was a reasonable alternative available to the trial justice; which alternative would be making the limitation on Ms. Ryan's filing *pro se* in Superior Court time-limited. *See Laurence*, 68 A.3d at 548. Therefore, we hold that the trial justice abused her discretion, and we direct the Superior Court to limit the duration of the present order's effectiveness to two years from the date of the issuance of this opinion; at the end of that two-year period, Ms. Ryan may file a motion in the Superior Court requesting the court to review the terms of the order in view of the then-existing factual context. *See Pleasant Management, LLC*, 918 A.2d at 217.

**B**

**Attorneys' Fees**

We note that Ms. Ryan has opted to provide no more than a single page of the transcript of the February 1, 2013 hearing on opposing counsel's motion for attorneys' fees. However, the record does contain opposing counsel's October 4, 2014 motion for attorneys' fees and his supporting documentation. The record also includes the order entered by the trial justice as to

attorneys' fees.  Based on our thorough review of those documents, we are of the opinion that the award of attorneys' fees in this particular case moderately exceeded what was called for under the totality of the circumstances, especially in view of the fact that other sanctions were subsequently imposed.

General Laws 1956 § 33-22-26 provides for the awarding of attorneys' fees in this context, and it states that "costs and reasonable attorneys' fees in the discretion of the court may be awarded * * * as justice may require."  Regardless of what the record before us reflects concerning abuses of the judicial system by Ms. Ryan during the pendency of this action, she was entitled to have her probate appeal heard in Superior Court.  As such, after thoughtful deliberation, it is our judgment that a twenty-five percent reduction in the amount of attorneys' fees to be awarded is appropriate in this case.

Accordingly, we hold that the amount of attorneys' fees awarded (*viz.*, $7,875) constituted a partially unsustainable exercise of discretion on the part of the trial justice; and we remand the case to the Superior Court with the direction that it enter instead an award of $5,906.25 in attorneys' fees. *See Blue Cross & Blue Shield of Rhode Island*, 911 A.2d at 709; *see also Arena v. City of Providence*, 919 A.2d 379, 396 (R.I. 2007) (invoking our "inherent power to fashion an appropriate remedy that would serve the ends of justice" because we were "convinced that the public interest [was] best served by doing so") (internal quotation marks omitted); *Cadillac Lounge, LLC v. City of Providence*, 913 A.2d 1039, 1043 (R.I. 2007) (directing the entry of a fine in the amount of $500 rather than remanding the case for further proceedings in Superior Court, "in the interest of judicial and administrative economy" and relying upon "our inherent power" to do so).

## C

### Motions to Vacate

Due to the absence of a transcript of the bench trial with respect to the probate appeal, we are unable to consider Ms. Ryan's contention that her motion to vacate the August 2, 2012 bench decision and August 3, 2012 order (*i.e.*, the second motion to vacate) was denied in error. *See Shorrock*, 944 A.2d at 864.

We thus turn to her first motion to vacate (*i.e.*, her motion and accompanying memorandum requesting that the court vacate its December 15, 2005 order entered in the case and to correct the record by entering a particular order that Ms. Ryan had previously proposed to the Superior Court with respect to pre-trial matters). It is unclear from her filings before this Court exactly what substantive decision memorialized in the December 15, 2005 order Ms. Ryan is contending was in error and should be vacated. Given that the December 15, 2005 order memorialized a number of decisions by the Superior Court justice presiding over this case at that time, we are at a loss as to exactly what Ms. Ryan believes constitutes reversible error. Indeed, Ms. Ryan merely states in general terms that the order at issue did not correctly reflect the Superior Court's October 19, 2005 rulings whereas the order she was proposing to have entered did reflect rulings made by a Superior Court justice in January of 2006. *See Terzian v. Lombardi*, 180 A.3d 555, 558 (R.I. 2018) (stating that the plaintiff in that case did not comply with Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure when said plaintiff "raise[d] questions in his or her brief but did so without accompanying [those] general statement[s] * * * with meaningful arguments, analysis, discussion, or citation [to] authority") (internal quotation marks omitted).

Nor has Ms. Ryan articulated to this Court how the December 15, 2005 order and the order proposed by her would have affected the outcome of this case in any material way. We further note that her motion to vacate was brought in 2012, almost seven years after the December 15, 2005 order which she seeks to vacate.

For all of these reasons, Ms. Ryan's contentions on appeal with respect to her first motion to vacate are unavailing.

**D**

**Remaining Contentions**

Ms. Ryan raises copious additional contentions on appeal. We deem it unnecessary in this opinion to delve into a detailed discussion of any of those additional contentions, although we have given due consideration to each and every one of them. We have reviewed Ms. Ryan's filings before this Court in minute detail. What is more, we have scrutinized the voluminous record presented to us in order to wade through the tortuous history of this case.[6] From the record before us, we are unable to perceive any support for any of Ms. Ryan's remaining contentions on appeal.

Accordingly, in our judgment, the trial justice did not err with respect to any of the issues on appeal that we have been able to review in light of the record that has been presented to us. And we commend the trial justice for her patient handling of this case.

---

[6] This Court recognizes that litigants certainly have a constitutional right of access to the courts; and nothing in this opinion is intended to derogate from that principle. At the same time, however, the right of access to the courts must not be construed as a right to engage in unfocused, vexatious, and time-consuming conduct in the course of litigation. To the extent that the time of the judicial system is consumed by litigants engaging in baseless endeavors, the right of other litigants (criminal and civil) to have their cases and controversies resolved expeditiously is negatively impacted. We find such conduct unfortunate and condemnable, and this state's judicial officers are prepared to address it in the interest of justice.

We would further express the earnest hope that Ms. Ryan will quickly come to appreciate the need for finality in litigation and the reality that this case is now at an end in the Superior and Supreme Courts. *See Northern Trust Co. v. Zoning Board of Review of Town of Westerly*, 899 A.2d 517, 520 (R.I. 2006) (mem.) (stating that this Court was "keenly aware of the judiciary's obligation to see to it that litigation be not unduly or improperly prolonged"); *see also Gunn v. Union Railway Co.*, 27 R.I. 320, 337, 62 A. 118, 125 (1905) (quoting the ancient maxim, "*interest reipublicae ut sit finis litium*" (It is in the interest of the republic that there be an end to litigation.)).

**V**

**Conclusion**

For the reasons set forth in this opinion, we remand with directions to modify the April 22, 2013 attorneys' fees order in accordance with this opinion, we affirm in part and vacate in part the April 26, 2013 judgment, and we affirm the June 5, 2013 order of the Superior Court. The record may be returned to that tribunal for the entry of orders or judgments consistent with this opinion.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | In re Estate of Elizabeth Brown, a/k/a Letizia I. Brown. |
| **Case Number** | No. 2013-174-Appeal.<br>No. 2017-394-Appeal.<br>(PC 05-2723) |
| **Date Opinion Filed** | April 30, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Per Curiam |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Patricia A. Hurst |
| **Attorney(s) on Appeal** | For Appellant:<br><br>Mary Ryan, Pro Se |
| | For Appellee:<br><br>R. J. Connelly, III, Esq. |